140 P.3d 633 (2006)
134 Wash.App. 483
STATE of Washington, Respondent,
v.
Charles Sidney CHAMPION, Appellant.
No. 33476-3-II.
Court of Appeals of Washington, Division 2.
August 8, 2006.
As Amended October 24, 2006.
Rita Joan Griffith, Mark A. Larranaga, Walsh & Larranaga, Seattle, WA, for Appellant.
P. Grace Kingman, Tacoma, WA, for Respondent.
PENOYAR, J.
¶ 1 Charles Sidney Champion appeals his consecutive sentences for first degree assault and first degree murder, arguing that his sentences violate Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He also argues that his juvenile adjudications cannot be used to increase his offender score under Blakely. Because the trial court imposed consecutive sentences under RCW 9.94A.589(3), we affirm.

FACTS
¶ 2 On December 28, 2000, the State charged Champion with two counts of first degree robbery, contrary to RCW 9A.56.190 and RCW 9A.56.200(1)(a)(b); second degree assault, contrary to RCW 9A.36.021(1)(a); first degree burglary, contrary to RCW 9A.52.020(1)(b); and intimidating a witness, contrary to RCW 9A.72.110(1)(d), for events that occurred nine days earlier on December 19, 2000.
¶ 3 On March 7, 2001, Champion committed first degree murder. He was convicted and was sentenced for this charge four years later, on January 19, 2005.
¶ 4 On June 1, 2005, Champion pleaded guilty to the second degree assault charge that he committed five years earlier on December 19, 2000, and the State agreed to *634 dismiss all other charges stemming from the December 19, 2000 incident.
¶ 5 On June 17, 2005, the court sentenced Champion to 20 months, the high end of the standard range sentence, for the assault charge. The court determined that his offender score was 4.5 and used two prior juvenile convictions in Champion's offender score. The court then ran the second degree assault sentence consecutive to Champion's sentence on the first degree murder conviction. The court explicitly indicated in the judgment and sentence that the sentences were to run consecutively. The trial court made no additional factual findings to justify running the murder and assault sentences consecutively:
Champion: Your Honor, it's unclear to me then the basis the Court is finding to impose a consecutive sentence.
The Court: The basis is it's within my discretion to do so and I'm electing to do so.
Report of Proceedings (RP) 18.

ANALYSIS

CONSECUTIVE SENTENCES
¶ 6 Champion argues that his consecutive sentences violate the principle of Blakely, 542 U.S. at 296, 124 S.Ct. 2531, and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Blakely, the Supreme Court held that a defendant has a Sixth Amendment right to have a jury find beyond a reasonable doubt any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum. Blakely, 542 U.S. at 296, 124 S.Ct. 2531. Champion argues that under RCW 9.94A.589(3), the trial court was required to run his assault and murder sentences concurrently.
¶ 7 The State counters that under State v. Cubias, 155 Wash.2d 549, 120 P.3d 929 (2005), the principles of Blakely and Apprendi do not apply to consecutive sentences. Furthermore, the State argues that RCW 9.94A.589(3) does not require any additional factual findings to impose consecutive sentences and that the trial court had "total discretion" under this section to impose consecutive sentences.
¶ 8 We review constitutional challenges de novo. State v. Bradshaw, 152 Wash.2d 528, 531, 98 P.3d 1190 (2004) (citing City of Redmond v. Moore, 151 Wash.2d 664, 668, 91 P.3d 875 (2004)), cert. denied, 544 U.S. 922, 125 S.Ct. 1662 (2005). Here, the trial court imposed a consecutive sentence under RCW 9.94A.589(3). The statute states:
Subject to subsections (1)[1] and (2)[2] of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.
RCW 9.94A.589(3)(emphasis added).
¶ 9 When faced with an unambiguous statute, we derive the legislature's intent from the plain language alone. State v. Wentz, 149 Wash.2d 342, 346, 68 P.3d 282 (2003) (citing Waste Mgmt. of Seattle, Inc., v. Utils. Transp. Comm'n, 123 Wash.2d 621, 629, 869 P.2d 1034 (1994)). The language of RCW 9.94A.589(3) is clear and unambiguous and plainly allows the trial court to impose a consecutive sentence if the trial court expressly orders a consecutive sentence. No additional fact finding is necessary.
*635 ¶ 10 "A sentencing judge has unfettered discretion to impose any sentences under RCW 9.94A.400(3)[3] either concurrently with, or consecutively to, a prior sentence for multiple current offenses. Consecutive sentencing, however, must be expressly ordered." State v. Grayson, 130 Wash.App. 782, 786, 125 P.3d 169 (2005) (citing In re the Pers. Restraint of Long, 117 Wash.2d 292, 305, 815 P.2d 257 (1991)). In Grayson, the court pointed out that "the statute requires the sentencing court to make an `either-or' choice. The sentence must either be concurrent with another sentence or consecutive to it." Grayson, 130 Wash.App. at 783, 125 P.3d 169. Although the Grayson court ultimately reversed Grayson's sentence,[4] its reasoning is relevant to Champion's appeal.
¶ 11 Champion was sentenced on June 17, 2005, for a felony assault that he committed on December 19, 2000. On December 19, 2000, Champion was not under sentence for the felony conviction. He was sentenced for felony murder on January 19, 2005, and his sentence for murder was imposed subsequent to, or after, he committed the assault. Therefore, RCW 9.94A.589(3) applies to Champion's sentence. Under this statute, the murder and assault sentences "shall" run concurrently "unless" the court pronouncing the assault sentence "expressly orders" that they be served concurrently. RCW 9.94A.589(3).
¶ 12 At sentencing for the assault, the court expressly stated that the felony assault sentence would run consecutive to the felony murder sentence. Therefore, because it was expressly ordered, Champion's assault charge was properly imposed under RCW 9.94A.589(3).
¶ 13 The trial court did not violate Champion's Sixth Amendment right to trial by jury because RCW 9.94A.589(3) does not require any additional factual findings to impose a consecutive sentence. It is apparent from the statute's clear language that the legislature intended in this instance to give trial courts total discretion to impose consecutive sentences. RCW 9.94A.589(3). The court has discretion to impose consecutive sentences so long as it "expressly orders" that the sentences be served consecutively. RCW 9.94A.589(3). Since the trial court did "expressly order" a consecutive sentence in this case, we affirm Champion's sentence.
¶ 14 Champion argues that under State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), a court's finding that a sentence is "clearly too lenient" must be found by a jury and not the court. In this case, the court did not make a finding of "clearly too lenient." It imposed a consecutive sentence based on its discretion to do so under RCW 9.94A.589(3) and not on any judicial fact finding. Furthermore, as the State points out, Hughes did not concern consecutive sentences and therefore does not apply to this case. Champion's reliance on Hughes is misplaced and irrelevant to his appeal.
¶ 15 Champion also contends that under State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808 (1986), the Washington Constitution gives greater protection to an individual's right to a jury trial than the federal constitution. Champion argues that the implied fact of "clearly too lenient" needs to be found by a jury under the Washington Constitution. Br. of Appellant at 15, 18. The trial court did not rely on a finding of "clearly too lenient" to impose a consecutive sentence. The clear language of the statute gave the trial court total discretion and we hold that Champion's Gunwall analysis is also not relevant to this appeal.

JUVENILE CONVICTIONS
¶ 16 Next, Champion argues that under Blakely his Sixth Amendment right to a jury trial was violated when the trial court included his prior juvenile convictions in his offender score. Blakely, 542 U.S. at 296, 124 S.Ct. 2531. Champion argues that the Blakely *636 exception for "prior convictions" does not apply to juvenile convictions because juvenile adjudications are less reliable than adult convictions. Champion explains that under United States v. Tighe, 266 F.3d 1187, 1194-95 (9th Cir.2001), he had no right to a jury trial for his juvenile adjudications and that his due process rights were therefore denied in the juvenile justice system.
¶ 17 The State counters that the inclusion of Champion's juvenile adjudications in his offender score did not violate Blakely because juvenile adjudications meet constitutionally required safeguards and also because Champion expressly waived his Blakely rights when he signed the stipulation on his prior record and offender score.
¶ 18 In State v. Mounts, 130 Wash. App. 219, 222, 122 P.3d 745 (2005), we held that where a juvenile received all the process constitutionally due at the juvenile court proceeding, the later use of that juvenile adjudication to enhance an adult sentence is acceptable and falls within the exception carved out in Apprendi and Blakely. Juvenile adjudications that meet constitutionally-required safeguards fall within the exception for prior convictions set out in Apprendi and Blakely. State v. Weber, 127 Wash.App. 879, 892, 112 P.3d 1287 (2005).
¶ 19 We affirm Champion's sentence.
We concur: QUINN-BRINTNALL, C.J., and ARMSTRONG, J.
NOTES
[1] RCW 9.94A.589(1) deals with sentencing for two or more current offenses (". . . whenever a person is to be sentenced for two or more current offenses . . .") and therefore does not apply to Champion's assault sentence.
[2] RCW 9.94A.589(2) deals with sentencing for a felony committed while under sentence for a different felony (". . . whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement . . .") and also does not apply to Champion's assault sentence. On December 19, 2000, Champion committed the acts constituting the second degree assault charge. On March 7, 2001, Champion committed the act constituting the first degree murder charge. Therefore, when Champion committed the assault, he was not yet under the felony murder sentence and section (2) does not apply.
[3] RCW 9.94A.400(3) was the predecessor statute of RCW 9.94A.589(3).
[4] The court reversed the sentence because the trial judge imposed a "hybrid model" of a consecutive sentence in which a portion of the current sentence was served consecutively and a portion was served concurrently. The court held that the hybrid consecutive sentence violated.589(3). Grayson, 130 Wash.App. at 786, 125 P.3d 169.