[No. 32767-8-II. Division Two. February 6, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. LORIN DWAYNE JONES, *Appellant*.

*Anne M. Cruser*, for appellant.

*Arthur D. Curtis*, *Prosecuting Attorney*, and *Michael C. Kinnie*, *Deputy*, for respondent.

¶1 VAN DEREN, A.C.J. — Lorin D. Jones appeals the consecutive sentences he received after he was convicted of three crimes committed on October 17, 2004. We stayed this matter pending our Supreme Court's decision in *In re Personal Restraint of VanDelft*, 158 Wn.2d 731, 147 P.3d 573 (2006). We now lift the stay, affirm Jones' offender score, vacate the consecutive sentences for the October 17, 2004 crimes, and remand for resentencing within the standard range.

## FACTS

¶2 On September 20, 2004, Jones was arrested and charged with possession of a controlled substance—methamphetamine, and driving without a license and no valid identification. A jury found him guilty on both counts and he was sentenced on December 9, 2004 "in Clark County Superior Court to a term of 24 months in the Department of Corrections [DOC] on his conviction of Possession of a Controlled Substance—Methamphetamine." Clerk's Papers (CP) at 95.

¶3 On October 17, 2004, a Clark County Sheriff's deputy arrested Lorin D. Jones for theft of a motorcycle, possession of methamphetamine, and possession of a stolen credit

card. The State charged Jones with first degree theft, possession of a controlled substance—methamphetamine, and possession of stolen property in the second degree. A jury found Jones guilty on all three counts on January 4, 2005.

¶4 At sentencing, the trial court calculated Jones' offender score as 18, including one point because Jones was on "community placement"[1] when he committed the crimes. CP at 408. The State recommended that Jones serve the sentences for the three convictions consecutively based on his high offender score and the resulting "free crimes" if he were to serve them concurrently. 4 Report of Proceedings (RP) at 204. The State acknowledged that imposing consecutive sentences under these circumstances constituted an "exceptional sentence."

> THE COURT: But if I—couldn't I reach the same result without getting it to be exceptional by just imposing 110 months consecutive?
>
> MR. MEYER: No, Your Honor, you can't—where the offenses are current offenses and you're sentencing on multiple current offenses, under the SRA [Sentencing Reform Act of 1981, chapter 9.94A RCW,] they must be served concurrently unless the Court imposes an exceptional sentence.
>
> THE COURT: I see.
>
> MR. MEYER: In other words, imposing a consecutive sentence is an exceptional sentence where we're sentencing on multiple offenses together.

4 RP at 206-07. The State further recommended that the sentencing court run Jones' sentences for his October 17 crimes consecutively to the crime resulting in DOC incarceration committed on September 20, 2004.

¶5 The trial court adopted the State's recommendations. Accordingly, it imposed sentences at the high end of the

---

[1] Jones' offender score calculation shows that he was on "community placement" when he committed the crimes. CP at 408. He was sentenced to "community custody" as part of his sentence on the three current offenses. CP at 400. The terms "community placement" and "community custody" are often used interchangeably to indicate that the sentenced felon is under the supervision of the DOC after release from total confinement. RCW 9.94A.030(5), (7), (34).

standard range and ordered that they be served consecutively. The trial court also ordered that these sentences be served consecutively to Jones' sentence stemming from his September 20 crimes.

¶6 Jones appeals his sentence.

## ANALYSIS

I. CONSECUTIVE SENTENCES UNDER RCW 9.94A.589(1)(a)

 ¶7 Jones argues that the trial court's imposition of consecutive sentences—based on its determination that concurrent sentences would provide Jones with "free crimes" resulting in a "clearly too lenient" sentence—violated our Supreme Court's holding in *State v. Hughes*, 154 Wn.2d 118, 140, 110 P.3d 192 (2005), *overruled on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). *Hughes* states: "The conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that *cannot* be made by the trial court following *Blakely*.[2]" 154 Wn.2d at 140. Jones and the State disagreed about whether our Supreme Court's decision in *State v. Cubias*, 155 Wn.2d 549, 120 P.3d 929 (2005), allowed the trial court, instead of the jury, to impose consecutive sentences under RCW 9.94A.589(1)(a). Our Supreme Court recently resolved this issue in *VanDelft*, 158 Wn.2d 731.

¶8 Sentences imposed under RCW 9.94A.589(1)(a) for two or more current offenses "shall be served concurrently." RCW 9.94A.589(1)(a) authorizes the imposition of consecutive sentences only under the exceptional sentence provisions of RCW 9.94A.535. RCW 9.94A.535 requires a jury to find certain facts before a sentencing court may depart from the sentencing guidelines and increase a defendant's sentence beyond the standard range. Our Supreme Court made this clear in *VanDelft*:

[B]ecause [RCW 9.94A.589](1)(a) requires the trial court to look to the exceptional sentencing scheme in RCW 9.94A.535 in

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

order to impose a consecutive sentence for a nonserious violent felony, *Blakely* and *Hughes* squarely apply to consecutive sentencing decisions under (1)(a).

*VanDelft*, 158 Wn.2d at 743.

¶9 Here, a jury did not make the factual determination that serving the sentences for the three October 17, 2004 crimes concurrently resulted in a sentence that was too lenient. Thus, the trial court erred in imposing consecutive sentences under RCW 9.94A.589(1)(a) without resort to the procedures of RCW 9.94A.535. *Hughes*, 154 Wn.2d at 140. We vacate the consecutive sentences for the October 17, 2004 crimes and remand for resentencing within the standard range.

## II. CONSECUTIVE SENTENCES UNDER RCW 9.94A.589(3)

■ ¶10 Jones argues that the sentencing court's decision under RCW 9.94A.589(3) to run the sentences imposed for the October 17, 2004 crimes consecutive to a sentence imposed for the September 20, 2004 crimes is analogous to finding that running sentences under a single cause number concurrently would result in a sentence "clearly too lenient" in violation of *Blakely* and *Hughes*. Br. of Appellant at 14.

¶11 The State responds that the sentencing court had the discretion to run Jones' sentence for the October 17 crimes consecutively to the felony sentence already imposed for the September 20 crimes and that such a decision falls outside the parameters of *Apprendi*,[3] *Blakely*, and *Hughes*.

¶12 RCW 9.94A.589(3) "applies when (1) a person who is 'not under sentence of a felony' (2) commits a felony and (3) before sentencing (4) is sentenced for a different felony."[4] *State v. Shilling*, 77 Wn. App. 166, 175, 889 P.2d 948 (1995)

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[4] RCW 9.94A.589(3) provides:

Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for

(quoting former RCW 9.94A.400(3) (1990), *recodified as* RCW 9.94A.589(3) (2002)). Under these circumstances, "[a] sentencing court has total discretion in deciding whether a current sentence will run concurrently with, or consecutively to, a felony sentence previously imposed." *State v. Klump*, 80 Wn. App. 391, 396, 909 P.2d 317 (1996); *Shilling*, 77 Wn. App. at 175-76. An express order requiring that the sentences be served consecutively overcomes the presumption that all sentences will be served concurrently. RCW 9.94A.589(3); *Shilling*, 77 Wn. App. at 176.

¶13 Here, Jones committed two crimes on September 20, 2004, was convicted of those crimes, and was sentenced on December 9, 2004. Subsequently, Jones committed the three crimes in this case on October 17, 2004, was convicted of those crimes, and was sentenced on January 5, 2005.

¶14 Jones was not under sentence of a felony when he committed the October 17 crimes. Before he was sentenced for the October 17 crimes, he was sentenced for crimes he committed on September 20, 2004. Under the plain language of RCW 9.94A.589(3), the sentencing court had the discretion to run Jones' sentence for his October 17 crimes consecutively to the sentences for his September 20 crimes.[5]

¶15 The trial court's application of RCW 9.94A.589(3) and its decision to run these sentences consecutively according to the language of that provision did not violate *Apprendi*, *Blakely*, or *Hughes*. Unlike RCW 9.94A.589(1)(a)

---

conviction of a felony, the sentence *shall* run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

(Emphasis added.)

[5] Jones committed both sets of crimes while on community custody for a 2000 conviction. This did not preclude the imposition of consecutive sentences under RCW 9.94A.589(3). *See In re Pers. Restraint of Long*, 117 Wn.2d 292, 298-303, 815 P.2d 257 (1991) (citing former RCW 9.94A.400(3), *recodified as* RCW 9.94A-.589(3)); *In re Pers. Restraint of Caley*, 56 Wn. App. 853, 856-58, 785 P.2d 1151 (1990) (citing former RCW 9.94A.400(3), *recodified as* RCW 9.94A.589(3)).

and RCW 9.94A.535, RCW 9.94A.589(3) does not require a sentencing court to make additional findings of fact to impose consecutive sentences because the undisputed facts all relate to record offenses and there was no dispute here that Jones committed the October 17 crimes before he was sentenced for the felony offense committed on September 20. *See Shilling*, 77 Wn. App. at 175-76. Consecutive sentences imposed under RCW 9.94A.589(3) are one of two prescribed punishments; they are not exceptional sentences outside the standard range and, thus, do not trigger the concerns in *Apprendi* and *Blakely*. *Compare* RCW 9.94A-.589(1)(a) *with* RCW 9.94A.535.

III. COMMUNITY PLACEMENT AND CALCULATION OF OFFENDER SCORE

■ ¶16 Jones argues that the trial court erred when it added a point to his offender score for his community custody status without a jury first determining that he was on community custody on October 17.

¶17 Jones' argument fails because our Supreme Court recently resolved this issue in *State v. Jones*, 159 Wn.2d 231, 149 P.3d 636 (2006). It concluded:

[B]ecause community custody is directly related to and follows from the fact of a prior conviction and that the attendant factual determinations involve nothing more than a review of the nature of the defendant's criminal history and the defendant's offender characteristics, such a determination is properly made by the sentencing judge.

*Jones*, 159 Wn.2d at 234.

¶18 We affirm Jones' offender score but vacate the consecutive sentences for the October 17, 2004 crimes and remand for resentencing within the standard range.

BRIDGEWATER and HUNT, JJ., concur.