202 P.3d 351 (2009)
STATE of Washington, Respondent,
v.
Anthony Lamar KING, Appellant.
No. 26695-8-III.
Court of Appeals of Washington, Division 3.
February 26, 2009.
*352 Susan Marie Gasch, Gasch Law Office, Spokane, WA, for Appellant.
Mark Erik Lindsey, Andrew J. Metts, III, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 The appellant here challenges the authority of a sentencing court to run the sentence for his current conviction (witness intimidation) consecutively to a sentence he was already serving for drug possession. We conclude that the court had the authority to run the sentence for the current crime consecutively to the sentence he was already serving. And we, therefore, affirm the sentence.

FACTS
¶ 2 Deputy Sheriff Michael McNees arrested Anthony King in 2003 for possessing drugs and stolen property. The State later charged Mr. King with one count of possession of a controlled substance and two counts of possession of stolen property. Deputy McNees testified against Mr. King at trial. He was also present in the courtroom on July 27, 2004, when the judge pronounced Mr. King guilty of all three charges. Mr. King threatened Deputy McNees while leaving the courtroom that day.
¶ 3 Mr. King was then sentenced on the three convictions on October 5, 2004. We later vacated on appeal the two convictions for possession of stolen property. State v. King, No. 23467-3-III, Comm'rs Ruling (Wash. Ct.App. June 29, 2005).
¶ 4 The State charged Mr. King with intimidating a witness on November 1, 2004. And a jury convicted him as charged. The court ordered that Mr. King serve a standard range sentence consecutively to his sentence for drug possession.

DISCUSSION
¶ 5 Mr. King appeals and contends that the sentencing judge erred for a number of reasons when he imposed a consecutive sentence. First, he argues that the applicable statute (RCW 9.94A.589) required a concurrent sentence. Next, he argues that the sentence violates his right to equal protection of law. And, finally, he argues that the sentence violates his right to a fair trial. We answer each contention in order.

CONCURRENT OR CONSECUTIVE SENTENCE
¶ 6 The sentencing court imposed a consecutive standard range sentence pursuant to RCW 9.94A.589(3):
[W]henever a person is sentenced for a felony that was committed while the person *353 was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.
(Emphasis added.) Mr. King interprets RCW 9.94A.589(3) to allow the sentencing court to impose a consecutive sentence only as an exceptional sentence with the attendant findings of appropriate aggravating factors. He argues his current standard range sentence must run concurrently to the sentence he is serving. He argues that his interpretation harmonizes RCW 9.94A.589(3) with RCW 9.94A.589(1)(a) (requiring concurrent sentences unless sentences imposed are exceptional) because both provisions require that a court impose concurrent sentences unless an exception applies.
¶ 7 Statutory interpretation is a question of law we review de novo. State v. Swecker, 154 Wash.2d 660, 665, 115 P.3d 297 (2005). Our primary objective is to carry out the legislature's intent. State v. Young, 125 Wash.2d 688, 694, 888 P.2d 142 (1995). We determine intent by looking at the statute's language. Id. We begin with the statutory language, try to read the statute as a whole, and harmonize each provision. State v. Thorne, 129 Wash.2d 736, 761, 921 P.2d 514 (1996). We harmonize provisions by giving meaning to every word the legislature includes in a statute to avoid rendering any word superfluous. State v. Cooper, 156 Wash.2d 475, 483, 128 P.3d 1234 (2006).
¶ 8 RCW 9.94A.589(3) gives a sentencing judge the discretion to impose either a concurrent or consecutive sentence for a crime that the defendant committed before he started to serve a felony sentence for a different crime. The imposition of a consecutive sentence is not, then, an exceptional sentence that would require a finding of aggravating factors. State v. Jones, 137 Wash. App. 119, 126, 151 P.3d 1056 (2007). "The judge need only order that the sentences be served consecutively; no reason for the decision is required." State v. Mathers, 77 Wash.App. 487, 494, 891 P.2d 738 (1995). RCW 9.94A.589(3), therefore, authorized the court here to order Mr. King to serve his standard range sentence for witness intimidation consecutively to the sentence he was already serving for drug possession.
¶ 9 This interpretation of RCW 9.94A.589(3) is not inconsistent with RCW 9.94A.589(1)(a). RCW 9.94A.589(1)(a) simply does not apply here. Subsection (1)(a) requires that a sentencing judge impose concurrent sentences on two or more current offenses unless the sentence imposed is exceptional; only then can the judge impose consecutive sentences:
Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.

RCW 9.94A.589(1)(a) (emphasis added). The sentence here is not an exceptional sentence. The court did not sentence Mr. King for "two or more current offenses." RCW 9.94A.589(1)(a).

EQUAL PROTECTION
¶ 10 Mr. King next contends that RCW 9.94A.589(3) violates his right to equal protection of law because it gives the sentencing judge discretion to impose either a concurrent or a consecutive sentence, and, therefore, two similarly situated defendants may wind up with different sentences. We review constitutional challenges de novo. Fusato v. Wash. Interscholastic Activities Ass'n, 93 Wash.App. 762, 767, 970 P.2d 774 (1999).
¶ 11 Both our state and federal constitutions guarantee like treatment for those similarly situated. U.S. CONST., amend. XIV; WASH. CONST., art. I, § 12; State v. Manussier, 129 Wash.2d 652, 672, 921 P.2d 473 (1996). We "construe[ ] the federal and state equal protection clauses identically and consider[ ] claims arising under their scope as one issue." Manussier, 129 Wash.2d at 672, 921 P.2d 473.
¶ 12 Mr. King is correct that defendants sentenced under RCW 9.94A.589(3) are similarly situated. They were not serving a *354 sentence when they committed the crime for which they are being sentenced. They were, instead, serving a sentence for a previous crime when the court imposed the sentence for the current crime. He is also correct that the discretion vested in the trial judge by RCW 9.94A.589(3) can result in different treatment for different defendants  some serving concurrent sentences, others serving consecutive sentences. He then argues there is no rational basis for this distinction.
¶ 13 The rational basis test applies when a statutory classification affects neither a fundamental right nor a suspect or semisuspect class. Manussier, 129 Wash.2d at 673, 921 P.2d 473. It applies when a statute affects only a physical liberty interest. Id. Here, defendants sentenced under RCW 9.94A.589(3) for crimes they committed while not under a felony sentence are neither a suspect nor a semisuspect class. See Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 313, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (defining and providing examples of "suspect class"). And while RCW 9.94A.589(3) affects an individual's physical liberty interest, physical liberty, in this sentencing context, is not a fundamental right. Manussier, 129 Wash.2d at 673-74, 921 P.2d 473. We, therefore, apply the rational basis test to Mr. King's equal protection challenge.
¶ 14 The rational basis test requires that the challenged law (1) rest on a legitimate state interest and (2) be rationally related to achieving that interest. Madison v. State, 161 Wash.2d 85, 103, 163 P.3d 757 (2007); Manussier, 129 Wash.2d at 673, 921 P.2d 473.
¶ 15 First, RCW 9.94A.589(3) rests on legitimate state interests. The provision is part of the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW. And the legislature intended that the SRA, among other things, would ensure that the punishment fits the crime. RCW 9.94A.010(1). RCW 9.94A.589(3) is a rational way to achieve this goal. Subsection (3) ensures proportionate punishment by giving the court the flexibility to hold a defendant accountable for each crime that he commits. It ensures that a defendant, like Mr. King, will not avoid the consequences of his current crime by serving his sentence concurrently with the sentence imposed for his previous crime.
¶ 16 And more fundamentally, "[s]tatutes which define one crime classification, i.e., a felony or a misdemeanor, and permit only a variation in punishment do not violate the equal protection clause." Jansen v. Morris, 87 Wash.2d 258, 261, 551 P.2d 743 (1976). Discretion in fixing sentences furthers the goal of retaining some flexibility and individualized treatment at the punishment stage. Id. Judges need flexibility in order to punish defendants based on specific circumstances. Id. at 261-62, 551 P.2d 743. The defendant's particular situation, then, "furnish[es] a rational basis for varying the sentence and the resultant punishment that each defendant receives." Id. at 261, 551 P.2d 743.
¶ 17 RCW 9.94A.589(3) does not violate equal protection.

FAIR TRIAL
¶ 18 Mr. King also appears to contend that the judge's absolute discretion to impose a consecutive sentence under RCW 9.94A.589(3) violates his right to a fair trial. He seems to argue that, according to Blakely[1] and Apprendi,[2] a jury must find additional facts that support the imposition of a consecutive sentence.
¶ 19 Again, as we have already concluded, the sentence imposed here is not an exceptional sentence. A consecutive sentence does not increase the penalty for the underlying offense beyond the statutory maximum. State v. Cubias, 155 Wash.2d 549, 554-55, 120 P.3d 929 (2005). Mr. King is simply serving one sentence for drug possession and one sentence for witness intimidation. His consecutive sentences, then, do not violate Blakely or Apprendi. He has no right to have a jury determine whether his sentence should run concurrently or consecutively. State v. Champion, 134 Wash.App. *355 483, 488, 140 P.3d 633 (2006). RCW 9.94A.589(3) simply gives the court discretion to order consecutive sentences. Id.
¶ 20 We affirm the sentence.
WE CONCUR: KULIK, A.C.J., and BROWN, J.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).