FILED
COURT OF APPEALS
DIVISION II

2014 APR 29 AM 8: 43

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43593-4-II |
| Respondent, | (Consolidated w/ No. 43596-9-II) |
| v. | UNPUBLISHED OPINION |
| SHAWN SHELBY TEETER, | |
| Appellant. | |

BJORGEN, J. –Shawn Shelby Teeter appeals his jury convictions and sentences for

unlawful possession of a controlled substance (methamphetamine), attempted witness

intimidation, and custodial assault. The trial court imposed concurrent sentences for unlawful

possession and attempted witness intimidation, but ordered those concurrent sentences and the

sentence for custodial assault to run consecutively with each other. In this consolidated appeal,

Teeter argues that the trial court erred (1) by imposing exceptional sentences without first

entering the statutorily required findings of fact and conclusions of law in support, and (2) by

denying his request for a Drug Offender Sentencing Alternative (DOSA)[1] sentence on untenable

grounds.

In his statement of additional grounds for review (SAG), Teeter repeats his appellate

counsel's challenges to his exceptional sentences. He also challenges his sentences and

convictions, asserting that (1) his trial counsel was ineffective for failing to object to the trial

court's imposition of an exceptional sentence, and (2) the trial court erred by failing to declare a

mistrial after the State violated the trial court's order in limine. Additionally, Teeter's SAG

raises a number of issues that we do not address in this opinion because they require us to

---

[1] RCW 9.94A.660.

reweigh the evidence, evaluate the credibility of witnesses, or are not sufficiently developed to merit judicial review.

We affirm Teeter's convictions. We conclude also that the trial court erred by ordering the concurrent sentences for unlawful possession and attempted witness intimidation to run consecutively to the sentence for custodial assault, without entering the statutorily required written findings and conclusions in support of exceptional sentences. Therefore, we remand for entry of the required findings and conclusions or vacation of Teeter's consecutive sentences in the absence of such entry.

## FACTS

### I. CAUSE NUMBER 43593-4-II

On May 11, 2011, the State charged Teeter with one count of residential burglary and one count of second degree theft for allegedly breaking into and taking items from the home of his aunt. The State filed an amended information on July 11, 2011, which additionally charged Teeter with one count of unlawful possession of a controlled substance, based on methamphetamine found during his search incident to arrest. Also in July, Teeter sent a letter to his aunt threatening to harm her if she testified against him. Based on this letter, on August 2, 2011 the State filed a second amended information adding a charge of witness intimidation.

On April 30, 2012, the jury returned verdicts finding Teeter not guilty of first degree

criminal trespass, a lesser-included offense of the charged residential burglary;[2] not guilty of

second degree theft; guilty of unlawful possession of a controlled substance; and guilty of

attempted witness intimidation.

## II. CAUSE NUMBER 43596-9-II

Teeter was detained at the Pierce County Jail while awaiting trial in the above cause. On

September 17, 2011, Teeter threw a cup of urine on Corrections Officer Dana Lynam, resulting

in a charge of custodial assault. This case was called for trial on April 25, 2012, but was

continued until May 7, following the conclusion of Teeter's trial in cause number 43593-4-II for

unlawful possession and attempted witness intimidation. On May 9, the jury returned a verdict

finding Teeter guilty of custodial assault.

## III. SENTENCING

On May 25, 2012, the trial court held a sentencing hearing on both causes. The State

asked the trial court to deny Teeter's request for a DOSA sentence and to run Teeter's custodial

assault sentence consecutively to his unlawful possession and attempted witness intimidation

sentences under RCW 9.94A.589(3), stating:

> I'm asking the Court to take a look at the totality of [Teeter's] criminal history to
> do what is in the best interests of the community and impose consecutive
> sentences in this case, and the Court does have discretion to do that.
>     If the Court takes a look at RCW 9.94A.589, whenever a person is
> sentenced for a felony that was committed while the person was not under

---

[2] The jury left the residential burglary verdict form blank and filled out the lesser-included first
degree criminal trespass verdict form, which stated:
> We, the jury, having found the defendant not guilty of the crime of
> Residential Burglary in Count I as charged, or being unable to unanimously agree
> as to that charge, find the defendant Shawn Shelby Teeter []Not Guilty[] of the
> crime of Criminal Trespass in the First Degree.

Clerk's Papers (CP) at 168-69.

3

sentence for a conviction of a felony, the sentence shall run concurrently with any felony sentence unless the Court pronouncing the current sentence expressly orders that they be served consecutively. So it is within the Court's discretion to impose consecutive sentences, especially given the fact that the custodial assault occurred while he was awaiting trial on a residential burglary and intimidating a witness charge.

Report of Proceedings (RP) at 561-63. The State also asserted that the trial court could impose consecutive sentences under former RCW 9.94A.535 (2011), stating:

> [RCW] 9.94A.535(2)[] talks about aggravating circumstances that are both considered by the courts and imposed by the courts, so they do not require that a jury find them beyond a reasonable doubt. But one of those aggravating circumstances under subsection (2) (c) is that the defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.

RP at 563.

After hearing arguments from counsel, the trial court ruled as follows:

> Well, one of the unfortunate consequences of tightening governmental budgets, not just in the recent few years but over the last many years is that we, the judges, have lost any kind of presentence reports from the Department of Corrections. We used to get them when I first was a judge. We only get those on sex offender cases now. They don't give them on anything else, so that's the very unfortunate consequence.
> Mr. Teeter does have behavioral problems. Without the thorough analysis that a presentence report might give the Court, it's hard to tell whether the basis of these—and I acknowledge there's those competency evaluations in the—in the court file. The focus of those competency evaluations is not to give guidance to the Court about what would be the best sentence. So without a thorough evaluation of whether Mr. Teeter's behavior is as an unfortunate result of his drug use or an unfortunate result of other mental health problems that he might have, it's hard for me to tell whether a DOSA sentence would be of any use to him in controlling his behavior in the future.
> So, based on that lack of being able to get a real thorough report from anybody about his—the root causes of his behavioral problems, based on the

4

statutes and case law cited by [the State], based on the evidence set forth at the trials, I find that these sentences in these cases should run consecutively.

RP at 573-74.

In cause 43593-4-II, the trial court sentenced Teeter to 24 months of incarceration for unlawful possession of a controlled substance and 60 months of incarceration for attempted witness intimidation. The judgment and sentence in cause 43593-4-II ordered these two sentences to run concurrently with each other, but "consecutive to" his sentence for custodial assault. CP at 184. In cause 43596-9-II, the trial court sentenced Teeter to 60 months of incarceration for custodial assault. The judgment and sentence in this cause ran its sentence for custodial assault consecutively to Teeter's two concurrent sentences in cause 43593-4-II for unlawful possession and attempted witness intimidation. Thus, the sentence in each cause was expressly made consecutive to the sentence in the other cause. Teeter timely appeals.

ANALYSIS

I. SENTENCING

Teeter first contends that the trial court erred by imposing an exceptional consecutive sentence without entering the required findings of fact and conclusions of law in their support. In response, the State asserts that the trial court was not required to enter written findings in support of its imposition of consecutive sentences because it sentenced Teeter under RCW 9.94A.589(3), which requires only that a trial court "expressly order" a defendant to serve consecutive sentences. Because the trial court imposed Teeter's sentences in both causes on the same date, the provisions of RCW 9.94A.589(3) did not apply, and the trial court consequently

erred by failing to enter findings and conclusions in support of Teeter's exceptional consecutive sentence as required under RCW 9.94A.589(1) and former RCW 9.94A.535.

RCW 9.94A.589(3) provides:

> [W]henever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

This statute provides sentencing courts with discretion "to impose either a concurrent *or* a consecutive sentence for a crime that the defendant committed before he started to serve a felony sentence for a different crime." *State v. King*, 149 Wn. App. 96, 101, 202 P.3d 351 (2009). Consecutive sentences under RCW 9.94A.589(3) are not exceptional sentences that require aggravating factor findings. *King*, 149 Wn. App. at 101. Rather, a trial court imposing consecutive sentences under RCW 9.94A.589(3) need only "expressly order" that the defendant's sentences be served consecutively. *State v. Champion*, 134 Wn. App. 483, 488, 140 P.3d 633 (2006).

A sentencing court does not, however, have discretion to impose consecutive sentences under RCW 9.94A.589(3) when sentencing a defendant for multiple "current offenses." By its express terms, RCW 9.94A.589(3) is subject to the provisions of RCW 9.94A.589(1), which states in relevant part:

> [W]henever a person is to be sentenced for two or more *current offenses*, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score. . . . *Sentences imposed under this subsection shall be served concurrently.*

6

(Emphasis added.) Convictions "sentenced on the same date" are "deemed 'other current offenses' within the meaning of RCW 9.94A.589." Former RCW 9.94A.525(1) (2011). Here, it is undisputed that the trial court sentenced Teeter for his unlawful possession and attempted witness tampering convictions in cause 43593-4-II and for his custodial assault conviction in cause 43596-9-II on the same date. Accordingly, the trial court lacked authority to impose consecutive sentences for these "current offenses" under RCW 9.94A.589(3).

Although lacking authority under RCW 9.94A.589(3), the trial court did have authority to impose consecutive sentences as an exceptional sentence under RCW 9.94A.589(1) and former RCW 9.94A.535. Under former RCW 9.94A.535(2)(c), the trial court may impose an exceptional sentence upon a finding that Teeter "committed multiple current offenses and [his] high offender score results in some of the current offenses going unpunished." To justify such an exceptional sentence, former RCW 9.94A.535 requires the trial court to "set forth the reasons for its decision in written findings of fact and conclusions of law," which it did not do.

Even though the requirement that a trial court enter written findings in support of an exceptional sentence imposed under former RCW 9.94A.535 is mandatory, we have held that a trial court's failure to enter written findings is harmless where "the trial court's oral opinion and the hearing record are sufficiently comprehensive and clear that written facts would be a mere formality." *State v. Hickman*, 157 Wn. App. 767, 771 n.2, 238 P.3d 1240 (2010). Here, however, the trial court's oral opinion did not sufficiently disclose whether it based the exceptional sentence on a finding that Teeter's high offender score resulted in some of his crimes going unpunished. Therefore, we cannot hold that its failure to enter written findings supporting its imposition of an exceptional sentence was harmless.

7

Accordingly, we remand to the trial court either to vacate Teeter's consecutive sentences or to enter written findings of fact and conclusions of law supporting those sentences, consistently with *State v. Woodruff*, 137 Wn. App. 127, 135, 151 P.3d 1086 (2007).

## II. DOSA

Next, Teeter contends that the trial court abused its discretion by denying his request for a DOSA sentence on untenable grounds. We disagree.

In general, a trial court's decision denying a defendant's request for a DOSA sentence is not reviewable on appeal. *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). However, "every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered" and, thus, a trial court abuses its discretion when "'it refuses categorically to impose a [DOSA sentence] under any circumstances.'" *Grayson*, 154 Wn.2d at 342 (quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)).

Teeter argues that the trial court abused its discretion in denying his DOSA request because it based its decision on "the fact that [it] did not have a presentence report." Br. of Appellant at 10. Teeter asserts that the lack of a presentence report is an untenable reason for denying his DOSA request because it amounts to a categorical refusal to consider his request. Teeter does not cite any authority for the proposition that a trial court is required to consider a presentence report prior to denying a defendant's DOSA request, and the DOSA statute contains no such requirement.[3] RCW 9.94A.660. More to the point, the trial court in fact considered a

---

[3] Teeter asserts that the trial court had statutory authority to order a risk assessment report or a chemical dependency screening report under RCW 9.94A.660(4). Although RCW 9.94A.660(4) gives a trial court discretion to order such reports, the statute neither requires the trial court to

8

DOSA sentence, noting in its oral ruling Teeter's status, the type of information supplied by a presentence report, and the difficulty in determining whether a DOSA would help Teeter without that information.

Finally, even accepting for the sake of argument that a trial court abuses its discretion by basing its DOSA denial solely on the lack of a presentence report, the trial court here considered other factors, including "the evidence set forth at the trials" when it denied Teeter's request for a DOSA sentence. RP at 574. Accordingly, Teeter does not demonstrate that the trial court categorically refused to consider his DOSA request. We therefore affirm the trial court's decision to decline Teeter's DOSA request.

## III. SAG ISSUES

### A. Issues Raised by Appellate Counsel

In his SAG, Teeter first repeats his counsel's arguments regarding the trial court's denial of his DOSA request and its imposition of consecutive sentences. Because we have addressed these claims above as argued by Teeter's appellate counsel, we do not address the claims again here.

### B. Ineffective Assistance of Counsel

Next, Teeter contends that his trial counsel was ineffective for failing to object to the trial court's imposition of an exceptional sentence. We decline to address this claim in light of our decision remanding Teeter's sentence to the trial court for further proceedings.

---

order such reports, nor does it require the trial court to consider such reports prior to denying a defendant's DOSA request.

C.    Mistrial

Teeter contends also that the trial court erred by failing to declare a mistrial after the State described Teeter's aunt as a "victim," contrary to the trial court's pretrial ruling on Teeter's motion in limine. RP at 48-49. Teeter does not indicate in his SAG when the State used the word "victim" at trial in violation of the trial court's ruling. Although RAP 10.10(c) does not require Teeter to include citations to the trial record, he must "inform the court of the nature and occurrence of alleged errors" to be considered on appeal. Although we are "not obligated to search the record in support of claims made in [Teeter's SAG]," RAP 10.10(c), we have found nothing in the record to indicate that the State violated the trial court's ruling by referring to Teeter's aunt as a victim in the presence of the jury.

D.    Remaining SAG Issues

Finally, Teeter raises a number of issues in his SAG that we do not address because they would require us to reweigh the evidence or to evaluate the credibility of witnesses[4] or are not sufficiently developed to merit judicial review. *See State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992) (appellate courts defer to the trier of fact on issues of conflicting testimony, witness credibility, and the weight of evidence); RAP 10.10(c).

CONCLUSION

We affirm Teeter's convictions. We conclude also that Teeter's consecutive sentences are not authorized under RCW 9.94A.589(3) and may only be authorized as exceptional sentences under former RCW 9.94A.535 if the findings of fact and conclusions of law required by that provision are entered. Therefore, we remand to the trial court either to vacate Teeter's

---

[4] For example, Teeter claims that several of the witnesses in both of his trials lied on the stand.

10

No. 43593-4-II
(Consolidated w/ 43596-9-II)

consecutive sentences or to enter written findings of fact and conclusions of law supporting those as exceptional sentences.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

11