IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38111-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARTIE M. SODERBERG also known | ) | |
| as MARTIE MARIE MAXWELL, | ) | |
| | ) | |
| Appellant. | | |

FEARING, J. — This court previously affirmed an attempted murder conviction against appellant Martie Soderberg. Soderberg had hired a friend to slay her husband Russell. Soderberg now appeals the sentence imposed for a later arson conviction resulting from an earlier burning of the home and personal property shared with her husband. She argues that the superior court should have imposed her sentence for arson to run concurrently with the earlier sentence for attempted murder. She also contends

insufficient evidence supported an aggravator for domestic violence. We disagree with both arguments and affirm Soderberg's sentence.

FACTS

In 2013, appellant Martie Soderberg resided in Medical Lake with her husband and their two children. The Soderberg family rented a trailer.

Over Labor Day weekend, in 2013, the Soderberg family traveled to Yakima for a family reunion. At around 2:00 a.m. on Monday, September 2, a family friend called Russell and Martie Soderberg and informed the couple that their trailer was aflame. When the Soderbergs returned home later that morning, they discovered all of their personal possessions destroyed.

Medical Lake Fire Department Chief Jason Mayfield observed burn marks around the trailer's air conditioning unit. Chief Mayfield concluded that the trailer fire resulted from an electrical failure. During the arson and theft trial, which occurred in 2021, Mayfield acknowledged that he lacked experience in investigating fires in 2013.

A renter's insurance policy covered damage to Martie and Russell Soderberg's belongings. Martie filed a claim with the insurance company. At the behest of the insurer, fire investigator Michael Zambryski examined the Soderberg trailer. Zambryski opined that the fire had possibly been caused deliberately, but he could not conclude arson occurred on a probable basis. The Soderbergs recovered $75,000 from their insurance company in settlement of the claim.

In the summer of 2016, Martie Soderberg contacted Dennis Bjerke to kill Russell Soderberg. *State v. Soderberg*, No. 36132-2-III, slip op. at 2 (Wash Ct. App. Jan. 28, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/361322_ord.pdf. Soderberg had known Bjerke for fifteen years. *State v. Soderberg*, No. 36132-2-III, slip op. at 2. Bjerke rejected Martie's entreaty to kill Russell. On October 11, 2016, Soderberg next solicited high school friend, Martin Drake, to slay Russell. *State v. Soderberg*, No. 36132-2-III, slip op. at 2.

On October 11, 2016, Martin Drake anonymously contacted law enforcement to report a potential murder. *State v. Soderberg*, No. 36132-2-III, slip op. at 2-3. Drake met with Spokane County Deputy Sheriff Gavin Pratt, to whom Drake divulged Martie Soderberg's plan to murder Russell. *State v. Soderberg*, No. 36132-2-III, slip op. at 3.

On October 12, 2016, while investigating Martie Soderberg for attempted murder, law enforcement obtained a search warrant authorizing Martin Drake to wear a recording device and record conversations with Soderberg. During a recorded conversation with Drake, Soderberg referenced the Medical Lake trailer fire. Soderberg also mentioned Dennis Bjerke's involvement in the fire.

Dennis Bjerke testified at the arson trial pursuant to a plea agreement. He averred that Martie Soderberg and he planned to burn the Soderberg trailer about one week before Bjerke lit the flame. Soderberg and Bjerke were engaged in an affair. Soderberg offered Bjerke no money in exchange for his deed. Bjerke did as she requested.

3

After the Soderberg family left Medical Lake on Labor Day weekend 2013, Dennis Bjerke entered the unlocked trailer and retrieved hairspray and a lighter planted by Soderberg. Bjerke squirted the hairspray and flipped the lighter to ignite the Soderbergs' curtains, bedding, and clothing.

The State of Washington earlier charged Martie Soderberg with attempted murder in the first degree and solicitation to commit murder in the first degree. *State v. Soderberg*, No. 36132-2-III, slip op. at 13 (2020). Following a trial in 2019, the jury found Martie guilty as charged. *State v. Soderberg*, No. 36132-2-III, slip op. at 16. The trial court sentenced her to 180 months' confinement. *State v. Soderberg*, No. 36132-2-III, slip op. at 17. This court affirmed Martie's convictions on appeal. *State v. Soderberg*, No. 36132-2-III, slip op. at 34.

## PROCEDURE

On March 15, 2021, the State of Washington also charged Martie Soderberg in a separate proceeding with arson in the first degree and theft in the first degree. The State alleged that the arson constituted domestic violence, because Soderberg committed it against a "family or household member," Russell Soderberg. Clerk's Papers at 80.

During her arson trial testimony, Martie Soderberg denied planning to burn her rental trailer. Soderberg denied providing Dennis Bjerke aerosol hairspray or a lighter for the purpose of torching her home. She averred that, in 2016, Bjerke informed her that he had started the trailer fire. She had been unaware of Bjerke's involvement. Soderberg

4

testified that Bjerke requested she pay him $10,000. According to Soderberg, she did not report Bjerke's conduct to law enforcement due to threats from Bjerke.

On March 17, 2021, the jury found Martie Soderberg guilty of arson in the first degree and theft in the first degree. The jury further found that Soderberg committed arson against Russell Soderberg, a family or household member.

On March 24, 2021, the trial court sentenced Martie Soderberg to 36 months' confinement on the first degree arson charge and 3 months' confinement on the first degree theft charge. The court ordered that both counts be served concurrently. The court further ordered that Soderberg's current sentence run consecutively with her sentence imposed in the earlier attempted murder case.

## LAW AND ANALYSIS

On appeal, Martie Soderberg challenges her sentence and domestic violence aggravator. She contends the superior court erred when imposing her current sentence for arson and theft consecutively with the sentence imposed for attempted murder. She challenges the sufficiency of the evidence for her domestic violence sentencing aggravator.

### Consecutive Sentences

Martie Soderberg argues that the superior court effectively imposed an exceptional aggravated sentence in the pending prosecution because it ordered her 36-month sentence for arson to run consecutively to her 180-month sentence for attempted murder and

solicitation to commit murder. Soderberg contends that, pursuant to RCW 9.94A.589, the court exceeded its authority by ordering both sentences to run consecutively, not concurrently. She further faults the court for not entering findings of fact supporting an exceptional sentence.

The State maintains that RCW 9.94A.589(3) permitted the court to order Martie Soderberg's arson sentence to run consecutively to her attempted murder sentence, because she had not begun serving her sentence for the attempted murder conviction at the time of sentencing. We agree with the State that the sentencing court possessed authority to impose consecutive sentences. Therefore, the superior court did not impose an exceptional sentence, and we need not assess the sufficiency of any findings for an exceptional sentence.

Former RCW 9.94A.589 (2002), a critical section of Washington's Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, controls. The statute reads, in pertinent part:

> (1)(a) Except as provided in (b) or (c)of this subsection, whenever a person is to be sentenced for *two or more current offenses*, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. *Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.* "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the

same time and place, and involve the same victim.  This definition applies
in cases involving vehicular assault or vehicular homicide even if the
victims occupied the same vehicle.

. . . .

(3) *Subject to subsections (1) and (2) of this section*, whenever a
person is sentenced for a felony that was committed while the person was
not under sentence for conviction of a felony, the sentence shall run
concurrently with any felony sentence which has been imposed by any
court in this or another state or by a federal court subsequent to the
commission of the crime being sentenced unless the court pronouncing the
current sentence expressly orders that they be  served consecutively.

(Emphasis added.)  RCW 9.94A.525(1) defines "current offenses" for purposes of the

SRA:

A prior conviction is a conviction which exists before the date of
sentencing for the offense for which the offender score is being computed.
Convictions entered or sentenced on the same date as the conviction for
which the offender score is being computed shall be deemed "other current
offenses" within the meaning of RCW 9.94A.589.

Martie Soderberg emphasizes the language in RCW 9.94A.589(3) and relates the

language demanding a concurrent sentence to subsection (1) of this statute.  In turn,

Soderberg stretches her reading of RCW 9.94A.589 to contend a consecutive sentence is

an exceptional sentence only to be imposed pursuant to RCW 9.94A.535.

Martie Soderberg relies on *In re Personal Restraint of VanDelft*, 158 Wn.2d 731,

147 P.3d 573 (2006).  In *VanDelft*, the Washington Supreme Court held that:

[B]ecause [RCW 9.94A.589](1)(a) requires the trial court to look to
the exceptional sentencing scheme in RCW 9.94A.535 in order to impose a
consecutive sentence for a *nonserious* violent felony, *Blakley* [*v.
Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)] and

7

[*State v.*] *Hughes*[, 154 Wn.2d 118, 110 P.3d 192 (2005)] squarely apply to consecutive sentencing decisions under (1)(a).

*In re Personal Restraint of VanDelft*, 158 Wn.2d at 741 (emphasis added).  As Soderberg notes, arson in the first degree is not listed as a "serious violent offense" under RCW 9.94A.030(46).

We reject Martie Soderberg's argument for two reasons.  First, as the State highlights, the Washington Supreme Court overruled *State v. VanDelft* in *State v. Vance*, 168 Wn.2d 754, 762-63, 230 P.3d 1055 (2010).  In her reply brief, Soderberg acknowledges that she misplaced reliance on *VanDelft*.

Second, Martie Soderberg misinterprets RCW 9.94A.589(1) and (3).  As this court held in *State v. King*, 149 Wn. App. 96, 101-02, 202 P.3d 351 (2009), RCW 9.94A.589(1)(a) requires that a sentencing judge impose concurrent sentences on "two or more current offenses."  RCW 9.94A.589(3) is subject to subsection (1)(a) only when the sentencing court sentences a defendant to multiple current offenses.  To repeat, current offenses are those "entered or sentenced on the same date."  RCW 9.94A.525(1).  The sentencing court did not sentence Soderberg on the attempted murder charges on the same date as the arson and theft charges.

In *State v. Champion*, 134 Wn. App. 483, 487-88, 140 P.3d 633 (2006), this court held that RCW 9.94A.589(3) applies when a defendant (1) was not serving a felony sentence when he or she committed the current offense and (2) a trial court sentenced the

defendant for a separate felony after he or she committed the current crime. Charles Champion committed assault in December 2000. Then, in March 2001, Champion committed murder. The trial court sentenced him for the murder in January 2005. In June 2005, Champion pled guilty to the assault. The court ordered that Champion's sentence for the assault run consecutively to his sentence for the murder conviction. This court observed that, under RCW 9.94A.589(3), Champion's murder and assault sentences should run concurrently unless the court pronouncing the assault sentence expressly ordered that the two run consecutively.

In *State v. King*, 149 Wn. App. 96 (2009), this court reached the same conclusion as the *Champion* court. Anthony King was arrested for possession of drugs and stolen property in 2003. In July 2004, after the trial court pronounced King guilty on all counts, he threatened a testifying witness while leaving the courtroom. In October 2004, the court sentenced King on the possession charges. In November 2004, the State charged King with intimidating a witness, on which charge a jury found him guilty. The trial court ordered King's sentence for intimidating a witness run consecutively with his sentence on the possession charges.

On appeal, Anthony King asserted the argument forwarded by Martie Soderberg. King contended that RCW 9.94A.589 requires the sentencing court to impose concurrent sentences or otherwise enter findings supporting an exceptional sentence. This court rejected King's argument:

9

> RCW 9.94A.589(3) gives a sentencing judge the discretion to impose either a concurrent *or* a consecutive sentence for a crime that the defendant committed before he started to serve a felony sentence for a different crime. The imposition of a consecutive sentence is not, then, an exceptional sentence that would require a finding of aggravating factors. *State v. Jones*, 137 Wn. App. 119, 126, 151 P.3d 1056 (2007). "The judge need only order that the sentences be served consecutively; no reason for the decision is required." *State v. Mathers*, 77 Wn. App. 487, 494, 891 P.2d 738 (1995). RCW 9.94A.589(3), therefore, authorized the court here to order Mr. King to serve his standard range sentence for witness intimidation consecutively to the sentence he was already serving for drug possession.

*State v. King*, 149 Wn. App. at 101.

Martie Soderberg's sentencing court did not err when ordering Martie Soderberg's sentence for arson and theft to run consecutively with his earlier sentence for attempted murder.

Domestic Violence Aggravator

Martie Soderberg asserts that the State introduced insufficient evidence supporting the domestic violence aggravator found by the jury as to her first degree arson conviction. Chapter 10.99 RCW codifies laws relating to domestic violence. RCW 10.99.020(4)(a)-(b) defines "domestic violence" as a crime committed by "one family or household member against another family or household member" or "one intimate partner against another intimate partner." Soderberg agrees that Russell was a family member.

RCW 10.99.020(4) lists those crimes considered domestic violence. Arson is not one of the crimes listed, but RCW 10.99.020(4)'s list of crimes is nonexhaustive:

> "Domestic violence" *includes but is not limited to any of the following crimes when committed either by (a) one family or household member against another family or household member, or (b) one intimate partner against another intimate partner.*

LAWS OF 2004, ch. 18, § 2 (emphasis added). Thus, if arson is committed against a household or family member, the crime is one of domestic violence.

Because Martie Soderberg committed the arson in 2013, we look to the applicable laws of the time in our analysis. RCW 26.50.010(1) defined "domestic violence" in 2013 as:

> (a) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members; (b) sexual assault of one family or household member by another; or (c) stalking as defined in RCW 9A.46.11.

LAWS OF 2008, ch. 6, § 406.

Martie Soderberg criticizes the State for relying on RCW 10.99.020 on appeal since, in the amended information, the State cited only RCW 26.50.010. Soderberg also contends that the definitions of "domestic violence" in the two statutes are not interchangeable.

While the State cited RCW 26.50.010 in the amended information, it only cited subsection (6) of the statute, which defines "family or household member." This citation did not limit the State from relying on another statute. Even though the State did not mention chapter 10.99 RCW in the information, Soderberg cites to no authority requiring

11

such a citation in the charging document, nor authority that prevents the sentencing court from applying the statute during sentencing.

We disagree with Martie Soderberg's contention that RCW 10.99.020's and RCW 26.50.010's definitions for "domestic violence" are not interchangeable. In 2013, RCW 9.94A.030 read, in relevant part:

> (20) "Domestic violence" has *the same meaning as defined in RCW 10.99.020 and 26.50.010*.

LAWS OF 2012, ch. 143, § 1 (emphasis added). Based on the foregoing, both statutory definitions of "domestic violence" correspond. Contrary to Soderberg's wish, RCW 10.99.020's language cannot be ignored.

We must still determine whether Martie Soderberg committed arson against Russell Soderberg. Soderberg concedes that the destroyed contents of her rental trailer constituted community property owned with her husband. In turn, she asserts that the law does not necessarily hold that one spouse's destruction of community property constitutes domestic violence.

Martie Soderberg relies on *State v. Coria*, 105 Wn. App. 51, 17 P.3d 1278 (2001), *rev'd* 146 Wn.2d 631, 48 P.3d 980 (2002). In *State v. Coria*, this court held that co-possessed community property in an existing marriage did not constitute "property of another" for purposes of the crime of malicious mischief. Soderberg contends that, based

on *Coria*, the mere relationship between her and Russell Soderberg insufficiently elevates her destruction of their community property to a domestic violence offense. We disagree.

The Washington Supreme Court reversed this court's ruling in *Coria*. *State v. Coria*, 146 Wn.2d 631, 643 (2002). The high court noted that jointly-owned property is "property of another." *State v. Coria*, 145 Wn.2d at 636.

> It is beyond dispute that the items the defendant damaged were *property*, and that they belonged to Mrs. Coria, *another* person. Thus the defendant's conduct is squarely within the literal reach of the statute notwithstanding his interest in the property.

*State v. Coria*, 145 Wn.2d 631, 636.

The case law Martie Soderberg forwards does not prohibit a finder of fact from determining that the destruction of community property by arson constitutes domestic violence. Russell Soderberg had a possessory, if not title, interest in the couple's personal property. A fire solicited by Soderberg destroyed the objects. Also, while the Soderbergs did not own their rental trailer, the fire ousted Russell from the property. We conclude that the State presented sufficient evidence supporting the jury's finding that Soderberg committed domestic violence against Russell when committing arson.

## CONCLUSION

We affirm Martie Soderberg's sentence for first degree arson and theft.

13

No. 38111-1-III
*State v. Soderberg*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.


_____
Fearing, J.

WE CONCUR:


_____
Siddoway, C.J.

_____
Pennell, J.