Argued and submitted December 21, 1977, resubmitted in banc
February 23, reversed April 3, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## JOHN WESLEY DOUTHITT, *Appellant.*
### (No. 49753, CA 8778)
576 P2d 1262

David E. Groom, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Gary L. Hooper, Deputy Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

THORNTON, J.

**THORNTON, J.**

Defendant appeals his conviction of unauthorized use of a vehicle. ORS 164.135.[1] The issue is whether defendant exercised control over a vehicle such that his conduct constituted an unauthorized use proscribed by the statute.

The evidence adduced at trial was that defendant had gained entry into a parked automobile by pushing open an unlatched wind-wing and unlocking the door. The car had been left by the owner after running out of gas. After entering the vehicle, defendant rifled the glove box and put on a coat that was "[l]aying in the back seat." The arresting officer testified that when he noticed the vehicle parked in the emergency lane of the highway, he pulled over to offer assistance. Defendant exited the auto and explained to the officer that he had been riding in the car when it broke down, and that the owner had gone for help.

At that moment the car's owner arrived. The owner told the officer that the vehicle was his and that he did not know the defendant. Defendant was arrested and charged with unauthorized use of a vehicle and theft in the second degree. ORS 164.045.[2]

The state would have us read "exercises control over" to mean that a mere entry into a vehicle or even simply climbing upon a vehicle would constitute an unauthorized use proscribed by ORS 164.135. We do not believe the statute can reasonably be given such a broad application.

Prior to the enactment of the new criminal code in 1971, two statutes dealt with the unauthorized entry

---

[1] ORS 164.135 provides in pertinent part:

"(1) A person commits the crime of unauthorized use of a vehicle when:

"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner * * *."

[2] Defendant was acquitted of the theft charge.

into a motor vehicle: (1) Former ORS 164.330[3] prohibited entry with the intent to steal or commit felony therein and classified the crime as a larceny punishable as a misdemeanor or a felony and (2) former ORS 164.650[4] prohibited any entry of a vehicle regardless of intent, and made the act punishable as a misdemeanor.

The new criminal code consolidated many offenses, including the two above, into statutes which were intended to simplify the law. Former ORS 164.330 was subsumed by the theft provisions of the code, ORS 164.015 to 164.125, with the intent of avoiding "artificial distinctions based upon the kind of property involved." Minutes, Senate Criminal Law and Procedure Committee, March 2, 1971, p 2. Former ORS 164.550 was absorbed in part by ORS 164.135, the unauthorized use statute, as was former ORS 164.660[5]

---

[3] Former ORS 164.330 provides:

"Any person who enters any automobile, motor truck or other motor vehicle, trailer or trailer house, in which any property is kept, with intent to steal or to commit any felony therein, is guilty of larceny and shall be punished upon conviction by imprisonment in the county jail for not less than 30 days nor more than one year, or by a fine of not less than $25 nor more than $500, or by imprisonment in the penitentiary for not more than five years, or by a fine of not less than $100 nor more than $1,000, or by both such imprisonment and fine."

[4] Former ORS 164.650 provides:

"With the exception of an authorized officer, marshal, constable or policeman, any person who, without the consent of the owner or person lawfully in charge of a motor vehicle, as defined in ORS 483.014, climbs upon or into such motor vehicle, whether it is at rest or in motion; or, while it is at rest or unattended, attempts to manipulate any of the levers, the starting crank or other device, brakes or mechanism, or sets the vehicle in motion, shall be punished, upon conviction, as provided in subsection (1) of ORS 483.990 for violation of the statutes listed therein."

[5] Former ORS 164.660 provides:

"Any person who, individually or in association with one or more others and against the will or without the consent of the owner of any motor vehicle, as defined in ORS 483.014, wilfully breaks, injures, tampers with or removes any part of such vehicle for the purpose of injuring, defacing or destroying it, or temporarily or permanently preventing its useful operating for any purpose, or in any manner wilfully or maliciously interferes with or prevents the running or operation of such motor vehicle, shall be punished, upon conviction, as for a misdemeanor."

and former ORS 164.670.[6] As the Commentary to the Oregon Criminal Code notes in discussing ORS 164.135:

> "The section is meant to include the kinds of acts covered by ORS 164.670, the existing 'joy-riding' statute, as well as conduct such as manipulating, starting or tampering with motor vehicles (ORS 164.650, 164.660). Damaging a vehicle would be covered by the sections on criminal mischief. Unauthorized use of a vehicle is classified as a Class C felony, but in appropriate cases the court would be authorized to treat the crime as a Class A misdemeanor. (See § 83 supra). [ORS 161.705]" Oregon Criminal Code of 1971, Commentary at 177 (1975 ed).

Significantly, no reference is made to entering a vehicle, although other acts proscribed by former ORS 164.650 and former ORS 164.660 are included. Damaging a vehicle is covered by the statute on criminal mischief, ORS 164.345 to 164.365.

The Commentary is helpful in attempting to ascertain whether defendant's conduct comes within the ambit of ORS 164.135 and more particularly within the meaning of the language "exercises control over."[7] In describing the statute the Commentary notes:

---

[6]Former ORS 164.670 provides:

"(1) Every person who takes or uses without authority any vehicle, watercraft or aircraft without intent to steal it, or is a party to such unauthorized taking or using, shall be punished upon conviction by imprisonment in the penitentiary for not more than two years, or by a fine of not more than $500. For the first offense the court may reduce the punishment to imprisonment in the county jail for not more than six months, or a fine of not more than $200.

"(2) This section applies to any person employed by the owner of a vehicle, watercraft or aircraft or anyone else who, by the nature of his employment, has the charge of or the authority to drive the vehicle, watercraft or aircraft if it is driven or used without the owner's knowledge or consent; and when so operated the owner thereof shall not be responsible."

[7]The only Oregon case interpreting the language "exercises control over" is *State v. Macomber,* 269 Or 58, 523 P2d 560 (1974). In *Macomber* the court dealt with the issue of whether proof of possession of nearly all the parts of disassembled truck was a sufficient exercise of control to constitute

"* * * The purpose of the language, 'takes, operates, exercises control over, rides in or otherwise uses,' is to prohibit not only the taking or driving of another's vehicle without permission, but, also, to prohibit *any* unauthorized use of the vehicle." Commentary, *supra* at 177.

We conclude that the new statute requires that the actor manifest an intent to deprive the rightful possessor of possession or to otherwise interfere with the rightful possessor's use of the vehicle, but simply does not cover a naked trespass to the vehicle as did former ORS 164.650, set forth in footnote 4. A burglary of, or trespass to, a vehicle, such as was proscribed by former ORS 164.330 and former ORS 164.650, does not constitute "use" of a vehicle although it may amount to an attempted unauthorized use or some form of theft or criminal mischief. In this case the only acts affecting the vehicle were opening the locked door and rifling the glove box. Considered as separate acts or a single act, they do not constitute a sufficient exercise of control over the vehicle such that defendant has manifested an intent to affect the rightful possessor's relationship to the automobile, *i.e.,* there was no intention to use the vehicle.

Reversed.

**JOHNSON, J.,** dissenting.

I disagree with the majority as to its interpretation of the statute and the weight that should be afforded the evidence in this case.

ORS 164.135 provides in pertinent part:

"(1) A person commits the crime of unauthorized use of a vehicle when:

the unauthorized use of that vehicle. The court indicated that "exercises control over" may consist of something less than actual operation of the vehicle, but that the control must be exercised over an integral operable vehicle. The court concluded that the defendant was probably guilty of some form of theft, but that there was no evidence that he had exercised control over an operable vehicle.

"(a) He takes, operates, *exercises control over,* rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner * * *." (Emphasis supplied.)

The statutory phrase "exercises control over" is a term of art which has been previously interpreted in the context of this statute to signify conduct consisting of something less than the actual operation of a moving vehicle. *State v. Macomber,* 269 Or 58, 60, 523 P2d 560 (1974). Were this not the case, the phrase "exercises control over" would be largely synonymous with "operates" and would serve no purpose in the statutory definition. In view of the fact that the unauthorized use statute appears in the theft offense chapter of the criminal code, the phrase "exercises control over" must be interpreted consistently with concepts of the elements of theft — *i.e.,* the exercise of control over a vehicle without the owner's consent consists of conduct which is intended to, or has the effect of, substantially interfering with the owner's possession of the vehicle.

The legislative history of ORS 164.135 supports this interpretation. The official commentary to the Criminal Code states:

> "This section covers the 'joy-riding' type of offense where the actor makes unauthorized use of another's vehicle but without the intent to steal it or permanently deprive the owner of its use. The purpose of the language, 'takes, operates, exercises control over, rides in or otherwise uses,' is to prohibit not only the taking or driving of another's vehicle without permission but, also, to prohibit *any* unauthorized use of the vehicle." (Emphasis theirs.) Proposed Oregon Criminal Code 142, Commentary, § 134 (1970).

The emphasis upon the word "any" clearly indicates that the statute was intended to cover not only the actual operation of a vehicle without the owner's consent, but also those acts leading up to or following the actual operation of the vehicle, including the entry of the vehicle.

This interpretation is further borne out by the minutes of Subcommittee No. 1 of the Criminal Law

Revision Commission. On April 6, 1968, the Subcommittee discussed the proposed unauthorized use provision. The following colloquy took place:

"Chairman [John D.] Burns was of the opinion that the language of the present joy riding statute was not objectionable but expressed approval of subsection (1) (a) of the draft which broadened present law and eliminated other statutes having to do with tampering, entering, etc.

"Representative [Edward W.] Elder asked if entering an automobile was covered under the draft and Mr. [Donald] Paillette replied that 'exercises control over' was, in his view, broad enough to apply to entering, and other members agreed." Minutes, Subcommittee No. 1, Criminal Law Revision Commission, April 6, 1968, p. 12-13.

Perhaps the most convincing evidence of the legislative intent is the portion of the official Commentary to ORS 164.135 which provides:

"The section is meant to include the kinds of acts covered by ORS 164.670, the existing 'joy-riding' statute, *as well as conduct such as manipulating, starting or tampering with motor vehicles (ORS 164.650,* 164.660). Damaging a vehicle would be covered by the sections on criminal mischief. Unauthorized use of a vehicle is classified as a Class C felony, but in appropriate cases the court would be authorized to treat the crime as a Class A misdemeanor. (See § 83 *supra).*" (Emphasis supplied.) Proposed Oregon Criminal Code 142, Commentary § 134 (1970).

Former ORS 164.650 provided:

"With the exception of an authorized officer, marshal, constable or policeman, any person who, without the consent of the owner or person lawfully in charge of a motor vehicle, as defined in ORS 483.014, *climbs upon or into such motor vehicle, whether it is at rest or in motion*; or, while it is at rest or unattended, attempts to manipulate any of the levers, the starting crank or other device, brakes or mechanism, or sets the vehicle in motion, shall be punished, upon conviction, as provided in subsection (1) of ORS 483.990 for violation of the statutes listed therein." (Emphasis supplied.)

While the majority is correct in its observation that no specific reference to the entry of a vehicle is made in the new code provision, it is incorrect in its conclusion that the legislature thus must not have intended the statute to cover entering.

Although the majority opinion analyzes the words of the statute and the legislative history differently than I do, it nevertheless seems to reach the same rule of law. The opinion states:

> "* * * the new statute requires that the actor manifest an intent to deprive the rightful possessor of possession or to otherwise interfere with the rightful possessor's use of the vehicle * * *."

The majority then concludes that the evidence was insufficient for the jury to consider whether defendant manifested such an intent. The majority's reasoning is unclear. At some points in the opinion it characterizes the evidence as indicating a "mere entry" or a "naked trespass" of the vehicle. The characterization is inaccurate. The evidence adduced at trial was that defendant, apparently by means of forcing open a window, broke into a locked car, put on the owner's coat which had been left in the car, rifled the glove box, and was apprehended getting out of the passenger seat. At the end of the opinion the majority discusses this evidence and concludes:

> "Considered as separate acts or a single act, they do not constitute a sufficient exercise of control over the vehicle such that defendant has manifested an intent to affect the rightful possessor's relationship to the automobile * * *."

The majority is apparently weighing the evidence. This is the province of the jury. The evidence was sufficient for a jury to reasonably conclude that defendant has substantially interfered with the owner's possession of the vehicle.

I respectfully dissent.

Schwab, C. J., and Lee and Roberts, JJ., join in this dissenting opinion.