[No. 13367-2-III.    Division Three.    April 11, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD LEE MATHERS, *Appellant*.

*Rick L. Hansen* and *Rakow & Hansen,* for appellant.

*Knute Rife, Prosecuting Attorney,* and *Gwendolyn L. Nichols, Deputy,* for respondent.

SWEENEY, J. — On August 25, 1992, Ronald Lee Mathers drove to the residence of Mary Rosa in Wishram and approached her with a 20-gauge sawed-off shotgun. He committed several distinct assaults and threatened to shoot her if she tried to escape. Mr. Mathers rummaged through her bedroom and took three handguns. When police responded, Mr. Mathers drove away in Ms. Rosa's vehicle. He traveled at speeds in excess of 85 m.p.h. Pursued by police, he often drove in the opposing lane of traffic and passed other vehicles on blind curves and upgrades. He crossed The Dalles Bridge into Oregon and was apprehended after he shot at a state trooper.

Mr. Mathers was charged and convicted in Oregon as follows:

| | | |
|---|---|---|
| Count I | Attempted Aggravated Murder | Plea of Guilty |
| Count II | Unlawful Use of a Weapon | Dismissed |
| Count III | Unauthorized Use of Vehicle | Plea of Guilty |
| Count IV | Theft in the First Degree | Plea of Guilty |
| Count V | Theft in the First Degree | Dismissed |
| Count VI | Theft in the First Degree | Dismissed |
| Count VII | Unlawful Possession of Shotgun | Dismissed |
| Count VIII | Driving Under Influence of Intoxicants | Plea of Guilty |
| Count IX | Attempting to Elude a Police Officer | Dismissed |
| Count X | Failure to Perform Duties of Driver | Plea of Guilty |
| Count XI | Failure to Perform Duties of Driver | Dismissed |
| Count XII | Recklessly Endangering Another Person | Plea of Guilty |
| Count XIII | Recklessly Endangering Another Person | Dismissed |

Following a bench trial on stipulated facts in Washington, he was convicted of assault in the second degree, burglary in the first degree, unlawful imprisonment, theft in the second

degree, taking a motor vehicle without owner's permission, and attempting to elude a pursuing police officer.

Mr. Mathers moved to dismiss the convictions of theft in the second degree and taking a motor vehicle without owner's permission, arguing double jeopardy because the same charges had been adjudicated in Oregon. He also argued that the Washington sentence should have run concurrently with the Oregon sentence.

The court refused to dismiss the convictions. Including the Oregon offenses in Mr. Mathers' criminal history, it calculated his offender score to be 7. It then imposed a standard range sentence but ordered that the Washington sentence run consecutively to the Oregon sentence.

On appeal, Mr. Mathers contends (1) the Washington convictions of second degree theft and taking a motor vehicle without permission placed him in double jeopardy; and (2) the court erred in ordering the Washington sentence to run consecutively to the Oregon sentence. Pro se, he makes several additional assignments of error. We affirm the second degree theft conviction but reverse the conviction for taking a motor vehicle without permission.

### DOUBLE JEOPARDY

Mr. Mathers first contends the court erred in refusing to dismiss the theft and the taking a motor vehicle without permission convictions. He argues that because these same charges were adjudicated in Oregon, he was placed in jeopardy twice. RCW 10.43.040; *State v. Caliguri*, 99 Wn.2d 501, 664 P.2d 466 (1983).

The due process clause of the Fifth Amendment does not bar successive prosecutions by two states for the same conduct. *Heath v. Alabama*, 474 U.S. 82, 88 L. Ed. 2d 387, 106 S. Ct. 433 (1985); *State v. Rudy*, 105 Wn.2d 921, 924, 719 P.2d 550 (1986) (states are sovereign entities with the independent power to define and punish offenses against their authority). This state, however, provides greater protec-

tion against double jeopardy by statute. *Rudy*, at 924. RCW 10.43.040 provides that

> [w]henever, upon the trial of any person for a crime, it appears that the offense was committed in another state or country, under such circumstances that the courts of this state had jurisdiction thereof, and that the defendant has already been acquitted or convicted upon the merits, upon a criminal prosecution under the laws of such state or country, founded upon the act or omission with respect to which he is upon trial, such former acquittal or conviction is a sufficient defense.

The statute does not define "act or omission".

In *Caliguri*, the defendant was convicted in federal court of racketeering, based in part on the predicate crime of conspiracy to commit arson. Later, he was charged in state court with conspiracy to commit arson and murder. Our Supreme Court held that RCW 10.43.040 barred the state prosecution for conspiracy to commit arson because the charge had actually been tried and proved as a predicate to the federal racketeering charge. *Caliguri*, at 514. The state court upheld the murder conviction, however, concluding that it "required proof of an act of a different character". *Caliguri*, at 514. The court held that:

> A person is not put in second jeopardy by successive trials unless they involve not only the *same act*, but also the *same offense*. There must be substantial identity of the offenses charged in the prior and in the subsequent prosecutions both in fact and in law.

*Caliguri*, at 513-14 (quoting *State v. Roybal*, 82 Wn.2d 577, 582, 512 P.2d 718 (1973)). A state prosecution is therefore prohibited "for any offense which *is in fact alone identical to or included within* an offense for which a defendant has been previously prosecuted in another jurisdiction". (Italics ours). *Caliguri*, at 514; *see also State v. Rudy, supra* (defendant convicted in federal court for interference with commerce by threats or violence did not bar state action for kidnapping in the first degree with intent to inflict extreme emotional distress even though charges based on the same events because state had not charged defendant with the same act).

The defendant in *In re Cook*, 114 Wn.2d 802, 792 P.2d 506 (1990) was convicted of the federal crime of bank robbery, which required proof of assault or the placing of the life of another in jeopardy by use of a dangerous weapon. In state court, the defendant was convicted of two counts of assault, which required proof of intent to kill a human being. The court in *Cook* held that the defendant's state convictions were not "in fact" identical to the federal conviction because the specific element of intent was not necessary for the federal conviction. *Cook*, at 816. RCW 10.43.040, therefore, was not violated. *See also State v. Duncan*, 111 Wn.2d 859, 765 P.2d 1300 (1989) (use of Washington murder charge at Arkansas sentencing hearing does not violate RCW 10.43.040).

The question here is whether Mr. Mathers' Washington convictions of taking a motor vehicle without permission and theft in the second degree are founded upon the same "act or omission" as their counterparts in Oregon — unauthorized use of a vehicle and theft in the first degree.

Taking a Motor Vehicle Without Permission. RCW 9A.56.070(1) provides in relevant part:

> Every person who shall without the permission of the owner or person entitled to the possession thereof *intentionally* take or drive away any automobile or motor vehicle, . . . the property of another, shall be deemed guilty of a felony . . ..

(Italics ours). The elements of the offense are "(1) taking or driving away without the owner's permission, (2) a motor vehicle (3) intentionally." *State v. Walker*, 75 Wn. App. 101, 106, 879 P.2d 957 (1994), *review denied*, 125 Wn.2d 1015 (1995). Intentionally is defined as acting "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

The Oregon statute, Or. Rev. Stat. § 164.135(1)[1] (unauthorized use of a vehicle), defines the offense as follows: "[a]

---

[1]The two other subsections of Or. Rev. Stat. § 164.135 address the situation wherein a person intentionally uses or operates a motor vehicle without the consent of the owner when that person had the vehicle pursuant to an agreement for maintenance or if the vehicle is retained for such a lengthy period of time to render the retention a gross deviation of the agreement. Those sections are not relevant here.

person commits the crime of unauthorized use of a vehicle when . . . (a) [t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle . . . without consent of the owner". In *State v. Douthitt*, 33 Or. App. 333, 338, 576 P.2d 1262, 1265 (1978) (quoting Oregon Criminal Code of 1971 commentary, at 177 (1975 ed.)), the Oregon Court of Appeals concluded that "[t]he purpose of the language, 'takes, operates, exercises control over, rides in or otherwise uses, is to prohibit not only the taking or driving of another's vehicle without permission, but, also, to prohibit any unauthorized use of the vehicle.'" (Italics omitted.) *See State v. Cox*, 96 Or. App. 473, 477, 772 P.2d 1385, 1387, *review denied*, 308 Or. 315 (1989).

In support of its contention that the offenses do not constitute the same acts for the purpose of RCW 10.43.040, the State argues the statutes require different mental states. According to the State, the Oregon statute requires a defendant to act unlawfully and knowingly but does not impose the requirement that the offender act intentionally, as Washington does.

Although the Oregon indictment charged Mr. Mathers with "unlawfully and knowingly" operating a motor vehicle, the court in *Douthitt*, at 338, held that Or. Rev. Stat. § 164.135 "requires that the actor *manifest an intent* to deprive the rightful possessor of possession or to otherwise interfere with the rightful possessor's use of the vehicle . . .". (Italics ours.) In *Douthitt*, the court reversed the defendant's conviction of unauthorized use of a vehicle because there was no "intention to use the vehicle". *Douthitt*, at 338. The defendant's acts did "not constitute a sufficient exercise of control over the vehicle such that defendant has manifested an intent to affect the rightful possessor's relationship to the automobile, *i.e.*, there was no intention to use the vehicle." *Douthitt*, at 338. Both statutes therefore require that the perpetrator act intentionally. The statutes are of the same character and have a substantial identity. *Caliguri*, at 514. The court erred in refusing to dismiss Mr. Mathers' conviction of taking a motor vehicle without permission.

Theft in the Second Degree. The Oregon indictment charged Mr. Mathers with theft in the first degree pursuant to Or. Rev. Stat. § 164.055.[2] That statute requires, in relevant part, a "theft as defined in Or. Rev. Stat. § 164.015 and . . . [that t]he subject of the theft is a firearm . . .". Or. Rev. Stat. § 164.015 provides that a person commits theft when "with intent to deprive another of property or to appropriate property to the person or to a third person, the person:. . .(5) Commits theft by receiving as provided in ORS 164.095." Theft by receiving is committed if "the person receives, retains, conceals or disposes of property of another *knowing or having good reason to know* that the property was the subject of theft." (Italics ours.) Or. Rev. Stat. § 164.095(1).[3]

Theft in Washington as defined in RCW 9A.56.020(1)(a) means "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, *with intent to deprive* him of such property or services". (Italics ours.) RCW 9A.56.040(1) provides "[a] person is guilty of theft in the second degree if he or she commits theft of: (a) Property or services which exceed(s) two hundred and fifty dollars in value, but does not exceed one thousand five hundred dollars in value".

Mr. Mathers committed theft in the first degree in Oregon because he knowingly retained a firearm which he knew was the subject of a theft. The Washington theft conviction, however, required an intent to deprive. Further, a person, in this state, is guilty of theft in the second degree if the property taken exceeds $250 in value; the object of the theft need not be a firearm. The two offenses are not, therefore, "in fact" the same. *Cook*, at 816. The court did not err in refusing to dismiss the conviction for theft in the second degree.

[2]The indictment stated: "As part of the same act and transaction as alleged in Count I, the said defendant, on or about August 25, 1992, in Wasco County, State of Oregon, did unlawfully and knowingly commit theft of a Ruger .357 caliber Revolver . . .".

[3]Theft by "receiving" is at issue rather than "taking or appropriating", Or. Rev. Stat. § 164.015(1), because the property was taken in Washington.

## IMPOSITION OF CONSECUTIVE SENTENCES

Mr. Mathers next contends the court abused its discretion in ordering the Washington sentence to run consecutively with the Oregon sentence. RCW 9.94A.400(3); *In re Long*, 117 Wn.2d 292, 815 P.2d 257 (1991).

RCW 9.94A.400(3) provides:

> Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced *unless the court pronouncing the current sentence expressly orders that they be served consecutively.*

(Italics ours.) A sentencing court is granted broad discretion in choosing whether to impose a consecutive sentence. The judge need only order that the sentences be served consecutively; no reason for the decision is required. *State v. Linderman*, 54 Wn. App. 137, 139, 772 P.2d 1025, *review denied*, 113 Wn.2d 1004 (1989).

Mr. Mathers' reliance on *Long* is misplaced. There, the court did not expressly order the sentences to run consecutively. The court here not only ordered the sentences to run consecutively, it gave the reason for its decision.[4] Mr. Mathers argues that the court abused its discretion, but offers no explanation why. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971) (discretion abused if it is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons"). There was no abuse of discretion.

## PRO SE CONTENTIONS

Mr. Mathers makes several assignments of error pro se: (1) The trial court erred in not dismissing the charges, sua

---

[4]The trial judge said: "I decide they should be consecutive. Committed a number of crimes on this side of the river. What he did on the other side was for that court to consider, but I feel that the seriousness of the crimes committed here and the risk to life, and not only with the person he was directing this at in a direct fashion, but the highways, running people off the road and all the things, the other things that went on during the course of this escapade, do not justify this Court in making that concurrent."

sponte, because he was not brought to trial within 180 days, RCW 9.98.010(1); *State v. Morris*, 74 Wn. App. 293, 873 P.2d 561, *review granted*, 125 Wn.2d 1001 (1994); (2) The court erred in considering the "prior offenses" from Oregon to enhance his sentence; and (3) The trial court erred in not allowing him time served for the time he was in jail awaiting trial. We have carefully reviewed each contention and conclude that none have merit.

We affirm the conviction for second degree theft. The court erred in not dismissing the Washington conviction of taking a motor vehicle without permission. Accordingly, the judgment entered on that conviction is dismissed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review denied at 128 Wn.2d 1002 (1995).