# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49800-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| GARY WAYNE BOGLE, | |
| Appellant. | |

SUTTON, J. — Gary W. Bogle appeals his sentence following his guilty plea to two charges of first degree identity theft and three charges of second degree identity theft. Bogle argues that he received ineffective assistance of counsel because his defense attorney did not object to the comparability of his out-of-state convictions and did not argue that his convictions constituted the same criminal conduct. Bogle also argues that the sentencing court erred by not setting his sentence to run concurrent with his California sentence and requests a remand to clarify his sentence. In a supplemental brief, Bogle also argues that the criminal filing fee imposed in his judgment and sentence should be stricken pursuant to Engrossed Second Substitute House Bill (ESSHB) 1783.[1] In his statement of additional grounds (SAG), Bogle claims he is entitled to credit for his time served on the California sentence.

---

[1] 65th Leg., Reg. Sess. (Wash. 2017).

We hold that the record is insufficient to review Bogle's ineffective assistance of counsel claim. Consequently, we affirm Bogle's sentence. However, we remand to the superior court to strike the criminal filing fee. We also note that by operation of law, Bogle's Washington sentence should run concurrent with any time remaining on his California sentence.

FACTS

On May 16, 2015, Bogle was cited for drinking in public in Olympia. Bogle gave the name "Ronnie Bogle" and provided a birthdate. Thereafter, Olympia Police Officer Theis, received a phone call from a man named Ronnie Bogle[2] who lived in California. Ronnie explained that his brother Gary Bogle had been using his identity for several years, including during arrests. Ronnie told Officer Theis that he did not know where Bogle was but knew he was transient.

On October 30, 2015, Officer Theis contacted a man he believed to be Bogle outside of a community services building. The man provided Officer Theis with a Clackamas County[3] Jail inmate identification card for "Ronnie Bogle." Unable to disprove the man's identity at the time, Officer Theis left the man and subsequently called the County of Santa Clara Office of the Sheriff[4] and asked for a booking photo of Gary Bogle. The sheriff's office informed Officer Theis that Bogle had a felony warrant for 10 counts of false impersonation out of Santa Clara County.

The following day, a detective from Santa Clara County called Officer Theis and informed him that he had been investigating Bogle for several years. The detective confirmed that Bogle

---

[2] Because he shares a last name with the defendant, we use Ronnie's first name in this opinion. We intend no disrespect.

[3] Clackamas County is located in Oregon.

[4] Santa Clara County is located in California.

had been using his brother Ronnie's name, social security number, and birthdate for several years. The detective sent Officer Theis a wanted flyer with a picture of Bogle. The picture matched the man Officer Theis had encountered the previous day.

On November 7, 2015, Officer Theis located and arrested Bogle on the felony warrant. Bogle again provided his brother's name, birthdate, and the Clackamas County Jail inmate identification card. During booking, fingerprints revealed that Bogle was in fact Gary Bogle and not Ronnie Bogle. After receiving his *Miranda*[5] warnings, Bogle admitted that he had been using his brother's name and birthdate for the past 11 years, and confirmed that he had given his brother's name and date of birth for identification when cited on May 16, 2015. Bogle was then extradited to California on the felony warrant for 10 counts of false impersonation.

On February 3, 2016, the State charged Bogle in Thurston County with three counts of second degree identity theft for the dates of May 16, October 30, and November 7, 2015. An amended information was later filed adding two counts of first degree identity theft stemming from incidents in King County on April 19 and September 17, 2015, which were referred to the Thurston County Prosecuting Attorney.

On March 14, 2016, Bogle wrote a letter to the Thurston County Superior Court requesting that the extradition hold on him in Thurston County be lifted. Bogle informed the superior court that he had pleaded no contest to 10 counts of identity theft in California and received a 16-month sentence. Bogle sent another letter to Thurston County Superior Court on June 7, 2016, following up on his March letter. Bogle attached a document from the Santa Clara County Superior Court

---

[5] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

showing he had been sentenced to 16 months imprisonment on 10 felony counts. The document

listed "PC529"[6] as the violation for all 10 counts.

Bogle was subsequently extradited to Washington, and on August 1, 2016, the superior

court appointed Bogle defense counsel. On November 30, Bogle entered a guilty plea to three

counts of second degree identity theft and two counts of first degree identity theft, as charged in

the first amended information. When the superior court asked what conduct made Bogle guilty of

the crimes, he answered as follows:

> On May 16, 2015, October 30, 2015, and on November 7, 2015, in the State of Washington and in the County of Thurston, on three separate and distinct occasions, I knowingly used a means of identification of another person with the intent to commit a crime and obtained nothing of value.
>
> Also, on April 19, 2015 and on September 17, 2015, in the State of Washington and in the County of King, on two separate and distinct occasions, I knowingly used the identification of another person with the intent to commit a crime, and obtained a financial benefit with a value in excess of $1500.

Clerk's Papers (CP) at 44.

The signed plea statement included Bogle's acknowledgment that for each charge his

offender score was 9+. The signed statement also included, "The prosecuting attorney's statement

of my criminal history is attached to this agreement. Unless I have attached a different statement,

I agree that the prosecuting attorney's statement is correct and complete. If I have attached my

own statement, I assert that it is correct and complete." CP at 36.

The prosecutor's statement of criminal history listed "Criminal Impersonation, 1st (x10)"

with a sentence date of June 16, 2016, in California. CP at 46. Bogle signed the prosecutor's

statement of criminal history, which stated, "[t]he defendant and the defendant's attorney hereby

---

[6] California Penal Code Section 529—False Impersonation.

stipulate that the above is a correct statement of the defendant's criminal history relevant to the determination of the defendant's offender score in the above-entitled cause." CP at 46. Bogle did not attach a different statement of his criminal history.

At the change of plea hearing, the superior court confirmed that Bogle had reviewed the prosecutor's statement of his criminal history, which showed the 10 counts of first degree impersonation out of California. Bogle affirmatively acknowledged that he had reviewed the prosecutor's statement of criminal history and agreed with it. The superior court explained to Bogle that given his criminal history, his offender score calculated as a 14, resulting in a standard sentencing range of 63 to 84 months in custody for first degree identity theft. Bogle affirmatively acknowledged that he understood. The superior court also asked Bogle if he understood that his plea statement would mean giving up the right to appeal any standard range sentence the court imposed. Bogle confirmed that he understood.

Pursuant to the plea agreement, the State recommended 84 months total confinement, the high end of the standard range. The State explained that the recommendation was agreed to by all the parties and represented a global resolution of the pending charges from Thurston and King Counties, as well as yet unfiled charges in Grays Harbor County. Pursuant to the plea agreement, the State agreed not to seek an exceptional sentence upward, and Grays Harbor County agreed not to file their charges in order to avoid any charges running consecutively. Bogle agreed to accept the 84-month sentencing recommendation. On December 12, 2016, the sentencing court sentenced Bogle to 84 months total confinement.

Bogle appeals his sentence.

No. 49800-6-II

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Bogle argues that he received ineffective assistance of counsel because his defense attorney failed to object to the comparability of his out-of-state convictions for false impersonation of another person and also by failing to argue that his out-of-state convictions and, separately, his Washington convictions constituted the same criminal conduct. We disagree.

To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334–35, 899 P.2d 1251 (1995). This court's scrutiny of counsel's performance is highly deferential; there is a strong presumption of reasonableness. *McFarland*, 127 Wn.2d at 335. To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have differed absent the deficient performance. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011). If a defendant fails to establish either deficiency or prejudice, the ineffective assistance of counsel claims fail. *Strickland*, 466 U.S. at 687.

A. COMPARABILITY

To determine the comparability of a foreign offense, Washington courts first determine whether the foreign offense is legally comparable—meaning, whether the elements of the foreign offense are substantially similar to the elements of the Washington offense. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007). If the elements of the crimes are not identical or the foreign statute is broader, the court then determines factual comparability. Offenses are factually

6

comparable when the conduct for which the defendant was convicted would have violated a Washington statute. *State v. Olsen*, 180 Wn.2d 468, 473, 325 P.3d 187 (2014). To determine factual comparability, the court may rely on any facts that were admitted, stipulated, or proved to the fact finder beyond a reasonable doubt. *Olsen*, 180 Wn.2d at 473–74.

To show prejudice, Bogle must show that there was a reasonable probability that the outcome of his sentencing would have been different if counsel had adequately raised and argued that his California offenses were not comparable to Washington offenses. *Grier*, 171 Wn.2d at 34. Bogle argues that his counsel rendered ineffective assistance by failing to object to both the legal comparability and factual comparability of the California offenses. However, even assuming Bogle's argument on legal comparability is meritorious, he cannot carry his burden to prove ineffective assistance on factual comparability given this record.

Bogle acknowledges that "[t]his record lacks any certified documentation regarding the underlying facts of the California convictions." Br. of Appellant at 11. Indeed, because Bogle affirmatively agreed that the prosecutor's statement of his criminal history was correct, the record contains few facts regarding his California convictions. The only documentation in the record of his California convictions is the prosecutor's statement of criminal history and the Santa Clara County document Bogle sent with one of his letters to the Thurston County Superior Court. On appeal, Bogle bears the burden of establishing prejudice in his ineffective assistance of counsel claims.

However, Bogle cannot meet that burden on appeal because the necessary evidence for our review is not in the record. Without having the necessary evidence, we are unable to determine whether Bogle's sentence would have been different if his counsel had argued that the California

offenses were not comparable to the Washington offenses. Therefore, without establishing prejudice, Bogle cannot show that his counsel rendered ineffective assistance. Thus, we hold that Bogle's ineffective assistance claim fails. Because any showing of error requires a more adequate record than we have here, Bogle's remedy is to file a personal restraint petition (PRP). *McFarland*, 127 Wn.2d at 335.

B.      SAME CRIMINAL CONDUCT

Bogle also argues that he received ineffective assistance of counsel because his defense attorney did not argue that the California convictions for false impersonation of another person constituted the same criminal conduct or that his Washington convictions constituted the same criminal conduct.

To demonstrate that his counsel provided ineffective assistance by failing to bring a motion to count certain crimes as the same criminal conduct, Bogle must demonstrate that the trial court probably would have granted the motion. *McFarland*, 127 Wn.2d at 337, n.4 ("Absent an affirmative showing that the motion probably would have been granted, there is no showing of actual prejudice.").

"Same criminal conduct" refers to the situation where there are "two or more crimes that (1) require the same criminal intent, (2) are committed at the same time and place, and (3) involve the same victim." *State v. Vike*, 125 Wn.2d 407, 410, 885 P.2d 824 (1994); RCW 9.94A.589(1)(a). We construe this phrase narrowly and will not find same criminal conduct if any of the three elements are missing. *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). "'Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime.'" *State v. Rattana Keo Phuong*, 174 Wn.

App. 494, 546. 299 P.3d 37 (2013) (*quoting State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990)).

"Multiple offenses will be treated as occurring at the same time if they are 'part of a continuous, uninterrupted sequence of conduct over a very short period of time.'" *State v. Valencia*, 2 Wn. App. 2d 121, 126, 416 P.3d 1275, *review denied*, 190 wn.2d 1020 (2018) (quoting *Porter*, 133 Wn.2d at 183). If the defendant fails to show that the offenses were continuous, simultaneous, or occurred in a short time frame, the offenses did not occur at the same time for the purpose of same criminal conduct. *Valencia*, 2 Wn. App. 2d at 126.

"In determining whether multiple crimes constitute the same criminal conduct, courts consider 'how intimately related the crimes committed are,' 'whether, between the crimes charged, there was any substantial change in the nature of the criminal objective,' and 'whether one crime furthered the other.'" *Phuong*, 174 Wn. App. at 546-47 (*quoting State v. Burns*, 114 Wn.2d 314, 318, 788 P.2d 531 (1990)). The defendant bears the burden of establishing that crimes constitute the same criminal conduct at sentencing. *Phuong*, 174 Wn. App. at 547.

1. California Convictions

Bogle argues that his 10 California convictions constituted the same criminal conduct because they were the same crime, charged with a single violation date, and involved the same victim. Although we can reasonably infer from the record that Bogle's crimes included the same victim, Ronnie Bogle, we disagree that Bogle carries his burden to prove that the convictions involved the same criminal intent or were committed at the same time and place.

Bogle argues that because he was convicted of 10 counts of the same crime, the intent must have been identical. However, as explained in *Phuong*, intent in this context is not the particular

*mens rea* element of the crime.  174 Wn. App. at 546.  Rather, in order to prove that his 10 convictions were committed with the same criminal intent, Bogle must prove that his objective criminal purpose in committing each crime was the same.  It is not enough to simply know that each conviction required the same *mens rea* element; a determination of same criminal conduct requires analyzing the underlying facts of each conviction.

Additionally, Bogle argues that because the prosecutor's statement of criminal history and the Santa Clara County document Bogle attached to one of his letters to the court listed just one date as the violation date for the 10 convictions, the convictions necessarily must have been committed at the same time and place.  However, even if all 10 offenses occurred on the same day, it does not necessarily follow that they occurred at the same time and place by law.

Here, the record is entirely silent as to the underlying facts of Bogle's California offenses.  Consequently, we have no way to review whether the 10 California convictions involved the same criminal intent or occurred at the same time and place.  As a result, Bogle cannot meet his burden to prove he was prejudiced by defense counsel's failure to argue that the 10 California convictions constituted the same criminal conduct.  As with Bogle's argument regarding comparability, the record before us is insufficient to determine whether Bogle's 10 California convictions constituted the same criminal conduct.  Consequently, his ineffective assistance claim on this basis fails, and his proper remedy is to file a PRP.

2.  Washington Convictions

Bogle also argues that his 5 Washington convictions should be considered the same criminal conduct.  His argument fails.

The charged dates of Bogle's Washington offenses were April 19, 2015, May 16, 2015, September 17, 2015, October 30, 2015, and November 7, 2015. While Bogle correctly notes that simultaneity is not required for a finding of same criminal conduct, a defendant arguing same criminal conduct must show that the offenses were continuous, simultaneous, or occurred in a short time frame. *Valencia*, 2 Wn. App. 2d at 126. Offenses committed seven months apart, as here, did not occur at the same time. Consequently, Bogle cannot show that his defense counsel rendered ineffective assistance by failing to argue that the Washington convictions constituted the same criminal conduct.

## II. CRIMINAL FILING FEE

In his supplemental brief, Bogle argues that his judgment and sentence contains a criminal filing fee provision that is no longer authorized following our legislature's enactment of ESSHB Bill 1783. The State agrees, and we accept the State's concession.

ESSHB Bill 1783 modified Washington's system of legal financial obligations (LFOs) and prohibits the imposition of the $200 criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17. Under RCW 10.101.010(3)(a) through (c), as amended, a person is "indigent" if the person receives certain types of public assistance, is involuntarily committed to a public mental health facility, or receives an annual income after taxes of 125 percent or less of the current federal poverty level. Our Supreme Court in *Ramirez* held that the new statute applies prospectively to cases on appeal that are not final. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

Bogle is "indigent" under RCW 10.101.010(3)(a). The State acknowledges that Bogle was indigent before and after the entry of the judgment and sentence. Therefore, the $200 criminal

filing fee should be stricken from the judgment and sentence because it is a discretionary fee that cannot be imposed on indigent defendants.

### III. CONCURRENT SENTENCES

Bogle also argues that, should we remand for resentencing, we should instruct the sentencing court to run Bogle's Washington sentence concurrent with any remaining time on his California sentence. Because we affirm Bogle's sentence, we do not remand for resentencing. However, we note that by operation of law Bogle's Washington sentence should run concurrent with any time remaining on his California sentence.

RCW 9.94A.589(3) gives the sentencing court discretion to impose either a concurrent or consecutive sentence for a crime the defendant committed before he began serving a felony sentence for a different crime. In order for the sentences to be served consecutively, the sentencing judge need only state that the sentences would be consecutive. RCW 9.94A.589(3); *State v. Mathers*, 77 Wn. App. 487, 494, 891 P.2d 738 (1995).

Here, the judgment and sentence did not specify that the sentences would be consecutive. Therefore, pursuant to RCW 9.94A.589(3), Bogle's Washington sentence should run concurrent to any time remaining on his California sentence by operation of law, and a remand is not necessary.

### SAG

In a SAG, Bogle appears to argue that his entire 16-month sentence for his California convictions should run concurrent with his Washington sentence, including receiving credit for time already served on his California sentence. As discussed in the foregoing section, Bogle's Washington sentence should run concurrent to any remaining time on his California sentence

because the sentencing court did not specifically order the sentences to run consecutively. *See* RCW 9.94A.589(3).

However, RCW 9.94A.505(6) restricts credit for confinement served before sentencing to confinement served "solely in regard to the offense for which the offender is being sentenced." Here, the time Bogle served on his California sentence is entirely separate from his Washington offenses. Consequently, Bogle is not entitled to credit for his time served in California before he was sentenced in Washington.

APPELLATE COSTS

Bogle argues that we should deny the State's request for appellate costs. The State opposes Bogle's objection and argues that we should impose appellate costs.

We exercise our discretion and defer the determination of Bogle's current or future ability to pay appellate costs to a commissioner of this court in the event that the State files a cost bill and Bogle objects. RAP 14.2; *State v. Hendricks*, 4 Wn. App. 2d 135, 146 n.5, 420 P.3d 726 (2018).

CONCLUSION

Ultimately, we hold that the record is insufficient to support Bogle's claims of ineffective assistance of counsel based on defense counsel's failure to object to the comparability of his California convictions or to argue that his California convictions constituted the same criminal conduct. Because determination of these issues calls for evidence outside of the record, a PRP is the proper remedy to address Bogle's claims. We also hold that Bogle did not receive ineffective assistance of counsel when his defense counsel failed to argue that his Washington convictions constituted the same criminal conduct. Consequently, we affirm Bogle's sentence. However, we remand to the superior court to strike the criminal filing fee and amend the judgment and sentence

accordingly. We also note that by operation of law, Bogle's Washington sentence should run concurrent with any time remaining on his California sentence, but he is not entitled to credit for time served in California before he was sentenced in Washington.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, A.C.J.

MELNICK, J.