IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38256-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRIAN LEE DANNER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Brian Danner appeals his sentence after the trial court relied on RCW 9.94A.535(2)(c), the free crimes aggravator, to run his sentence for his current offenses consecutively to his sentence for a prior offense. The parties agree the trial court erred by not relying on former RCW 9.94A.589(3) (2015), which permits a trial court to run a sentence for current offenses consecutively to a prior sentence. For the reasons below, we conclude the sentence entered was a standard range sentence, the trial court's error is harmless, and resentencing is not required.

FACTS

The offenses giving rise to Mr. Danner's current sentence stem from him breaking into a vehicle and stealing personal property. The State charged him with second degree theft, second degree vehicle prowling, third degree malicious mischief, and making or possessing a motor vehicle theft tool. The State later amended the theft charge down to

third degree theft. After being released on bail pending trial, Mr. Danner failed to appear for a hearing and the State added a charge for bail jumping.

Prior to resolving those charges, Mr. Danner was arrested, charged, and convicted of attempting to elude a police vehicle. The court sentenced him to 41 months of incarceration.

Mr. Danner then entered into an agreement with the State to plead guilty to the current charges. In exchange, the State agreed to recommend standard range sentences on the gross misdemeanor charges and standard range sentences on both felony charges, with all sentences for the current offenses to run concurrently. Due to Mr. Danner's high offender score, his standard range sentence was 60 months. The State reserved the right to argue that the 60-month sentence for the current offenses should run consecutively to his prior sentence of 41 months.

In its sentencing memorandum, the State emphasized Mr. Danner's offender score of 73. Citing RCW 9.94A.535(2)(c), the free crimes aggravator, it argued Mr. Danner's offenses would go unpunished unless the current sentence ran consecutively to Mr. Danner's prior sentence. In Mr. Danner's sentencing memorandum, he requested the current sentence run concurrently to his prior sentence.

At the sentencing hearing, the State noted it was more common to use the free crimes aggravator to argue that current offenses be sentenced consecutively. It explained the plea agreement forbid it from doing so here, which is why it reserved the right to argue that the current sentence should run consecutively to the prior attempting to elude sentence.

Mr. Danner argued that the free crimes aggravator did not apply here because that aggravator applied only when a consecutive sentence was imposed for two or more *current* offenses. He argued former RCW 9.94A.589(3) was the controlling authority here and under that authority, there is a presumption the sentence for the current offenses should run concurrently with the sentence for any prior offense.

The court had prepared its findings of fact and conclusions of law before the hearing. At the hearing's conclusion, it read them into the record. It found in part:

> Imposing an exceptional sentence will serve the interests of justice by preventing the defendant from going unpunished for some of his current offenses in light of defendant's multiple current offenses and numerous past felony convictions.

Report of Proceedings (May 26, 2021) (RP) at 26-27.

The court ordered the 60-month sentence for the current offenses to run consecutively to the prior 41-month sentence. Its conclusions of law cited RCW 9.94A.535(2)(c) as authority for the consecutive sentence.

3

Mr. Danner objected. He conceded the trial court had authority to run the current

sentence consecutively to the prior sentence, but disagreed that RCW 9.94A.535(2)(c)

was the correct authority.

The court acknowledged the objection and stated, "[I]f the Court miscited the

statute, the Court is satisfied the Court can make this sentencing decision. Regardless of

the source, the Court would have made the same sentencing decision, so the record should

[reflect] that." RP at 30. Mr. Danner timely appealed.

## ANALYSIS

Mr. Danner contends he must be resentenced because the trial court imposed an

illegal exceptional sentence. We disagree that the sentence imposed was an exceptional

sentence and that resentencing is required.

Mr. Danner raises a question of statutory interpretation, which we review de novo.

*State v. Mandanas*, 168 Wn.2d 84, 87, 228 P.3d 13 (2010). We first address whether the

trial court erred by relying on the free crimes aggravator to impose the consecutive

sentence. On appeal, the State does not dispute that RCW 9.94A.535(2)(c), by its terms,

applies when a trial court imposes a consecutive sentence for two or more *current*

offenses. Here, the trial court did not impose a consecutive sentence for two or more

current offenses. We conclude that the trial court erred in relying on the free crimes aggravator to impose the consecutive sentence.

We next address Mr. Danner's claim that the trial court imposed an exceptional sentence. RCW 9.94A.535 defines an "exceptional sentence" as one that is outside the standard sentence range for an offense or is a departure from the standards in RCW 9.94A.589(1) and (2). Mr. Danner does not argue that his 60-month sentence was above the standard range, nor does he argue that his sentence departed from the standards in RCW 9.94A.589(1) or (2). We conclude that Mr. Danner received a standard range sentence.

Appeals of standard range sentences are generally prohibited. RCW 9.94A.585(1). A defendant can, however, challenge the procedure by which the standard range sentence was imposed. *State v. Ammons*, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986). We now turn to whether the trial court followed an appropriate procedure for imposing the sentence here.

The parties agree that the trial court should have relied on former RCW 9.94A.589(3) if it desired to run Mr. Danner's sentence for his current offenses consecutively to his prior 41-month sentence. According to that provision:

> [W]henever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

Former RCW 9.94A.589(3). We agree that the trial court should have relied on former RCW 9.94A.589(3). Mr. Danner was not serving a sentence for a previous felony when he committed the current offenses. Also, he was sentenced for attempting to elude after he committed the current offenses.

Under former RCW 9.94A.589(3), a sentencing court has "'total discretion'" and need not make findings supporting its decision. *State v. Champion*, 134 Wn. App. 483, 486, 140 P.3d 633 (2006). All the court must do to comply with the provision is "'order that the sentences be served consecutively; no reason for the decision is required.'" *State v. King*, 149 Wn. App. 96, 101, 202 P.3d 351 (2009) (quoting *State v. Mathers*, 77 Wn. App. 487, 494, 891 P.2d 738 (1995)). Here, the trial court ordered that the sentences be served consecutively. To the extent the trial court entered unnecessary findings and conclusions, those are surplusage and do not detract from the authorized sentence that it entered.

We next address whether the trial court's reliance on the wrong statute was harmless error. "A harmless error is one which is trivial, formal, or merely academic and

No. 38256-7-III
*State v. Danner*

which in no way affects the outcome of the case." *State v. Gonzales*, 90 Wn. App. 852, 855, 954 P.2d 360 (1998). At sentencing, Mr. Danner correctly conceded the trial court had authority to run the sentence for his current offenses consecutively to his sentence for the prior offense. In response, the trial court indicated it would impose the same sentence regardless of the source of its authority. We conclude that the trial court's error was harmless and that resentencing is not required.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____    _____
Siddoway, C.J.                           Pennell, J.