# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57167-6-II |
| Respondent, | |
| v. | |
| COREY DAMON MONTGOMERY, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, P.J. — Corey D. Montgomery appeals his sentence for third degree assault against an intimate partner, which the trial court imposed consecutively to his sentence in a separate case for offenses committed in King County. Pursuant to RAP 15.2(g),[1] Montgomery's court-appointed attorney moved to withdraw as appellate counsel. We grant the motion to withdraw and dismiss Montgomery's appeal.

## FACTS

The State charged Montgomery in Pierce County with second degree assault against an intimate partner. While on pre-trial release, Montgomery committed and was convicted of several offenses in King County, including first degree arson causing danger to life, second degree assault by strangulation with a domestic violence sentencing enhancement, third degree assault of a child, third degree assault of a police officer, fourth degree assault with a domestic violence sentencing enhancement, tampering with a witness, two counts of felony violations of protection orders, and

---

[1] RAP 15.2 was amended in 2023 changing the numeration of former RAP 15.2(i) (2018) to 15.2(g); therefore, we cite to the current RAP 15.2(g).

three counts of misdemeanor violations of protection orders. Based on an offender score of nine plus, King County sentenced Montgomery for the King County convictions. After Montgomery was sentenced in King County, the State amended the Pierce County charge to third degree assault against an intimate partner in exchange for Montgomery's guilty plea.

At sentencing on the Pierce County conviction, Montgomery asked the trial court to impose his sentence concurrently with his King County sentence. The State recommended that Montgomery's sentence be imposed consecutively to the King County sentence. The victim in Montgomery's Pierce County case testified at sentencing that she was a different person than the victims in Montgomery's King County case and stated that imposing concurrent sentences would rob her of justice.

Based on an offender score of 18, the trial court sentenced Montgomery to 51 months of total confinement to run consecutively to the King County sentence. The trial court determined that imposing concurrent sentences "would completely ignore the impact that [Montgomery's] crime has had on another person." Verbatim Rep. of Proc. at 31. The trial court also imposed nine months of community custody but did not order Montgomery to serve the community custody term consecutively to the King County sentence.

Montgomery appealed the Pierce County judgment and sentence imposing his sentence consecutively to the King County sentence. Counsel was appointed to represent Montgomery on appeal.

Montgomery's court-appointed attorney moved to withdraw as counsel pursuant to RAP 15.2(g). Montgomery's court-appointed attorney mailed the motion to withdraw to Montgomery on December 7, 2022. Montgomery did not respond with any additional legal issues for appellate review.

No. 57167-6-II

ANALYSIS

Montgomery appeals the Pierce County judgment and sentence imposing his sentence consecutively to the King County sentence. Montgomery's court-appointed attorney filed a motion to withdraw as appellate counsel and allow Montgomery to proceed pro se. The State agrees the motion to withdraw should be granted but seeks dismissal of Montgomery's appeal. We grant the motion to withdraw and dismiss the appeal.

A.    LEGAL PRINCIPLES FOR WITHDRAWAL OF COUNSEL

"Counsel for a defendant in a criminal case may withdraw only with the permission of the appellate court on a showing of good cause." RAP 18.3(a)(1). "If counsel appointed to represent an indigent defendant can find no basis for a good faith argument on review, counsel should file a motion in the appellate court to withdraw as counsel." RAP 18.3(a)(2); RAP 15.2(g).

The motion to withdraw must

be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; *the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.*

*State v. Hairston,* 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (second alteration in original) (quoting *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)).

Here, the procedural requirements have been met, and Montgomery did not choose to raise any additional points. Thus, we must independently review the entire record before determining that the appeal is frivolous. *Id.* at 536. If we determine the appeal is frivolous, we may then "relieve counsel and either dismiss the appeal or leave the indigent to proceed pro se." *Id*. at 537.

3

B.      CONSECUTIVE SENTENCES

The sole potential issue raised by appellate counsel is "[w]hether the sentencing court erred in ordering [Montgomery's] sentence to run consecutively to his sentence from King County." Mot. to Withdraw & Br. Referring to Matters in R. which Might Arguably Supp. Rev. at 4. An independent review of the entire record indicates this is the only potential issue for appeal, there is no good faith basis for review, and the appeal is frivolous. Therefore, we grant appellate counsel's motion to withdraw.

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, a sentence for two or more current offenses shall generally be served concurrently. RCW 9.94A.589(1)(a). The SRA does not formally define "current offense," but the term functionally means convictions entered or sentenced on the same day. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 507, 301 P.3d 450 (2013).

Sentencing judges have discretion to impose either a concurrent or consecutive sentence for a crime the defendant committed before he began to serve a felony sentence for a different crime. RCW 9.94A.589(3); *State v. King*, 149 Wn. App. 96, 101, 202 P.3d 351 (2009), *review denied*, 166 Wn.2d 1026 (2009). In such a situation, the trial court "'need only order that the sentences be served consecutively; no reason for the decision is required.'" *King*, 149 Wn. App. at 101 (quoting *State v. Mathers*, 77 Wn. App. 487, 494, 891 P.2d 738, *review denied*, 128 Wn.2d 1002 (1995)).

Here, Montgomery's King County offenses do not constitute "current offenses" because they were not entered or sentenced on the same day as the Pierce County offense. Instead, Montgomery committed the third degree assault in Pierce County *before* he committed and began to serve his sentence for the King County crimes. Therefore, the trial court had discretion under

RCW 9.94A.589(3) to impose a concurrent or consecutive sentence. *Id*. The trial court properly exercised its discretion by imposing a consecutive sentence.

Based on our review of the entire record and the analysis above, Montgomery's appeal is wholly frivolous. Montgomery has provided this court with no indication that he desires to proceed pro se. Therefore, because Montgomery's appeal is wholly frivolous, we grant appellate counsel's motion to withdraw and dismiss Montgomery's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Price, J.

Che, J.