No. 940 December 26, 2024 113

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA DYLAN RICE,
Defendant-Appellant.

Coos County Circuit Court
22CR50168, 22CR50811, 22CR57889;
A180413 (Control), A180414, A180984

Andrew E. Combs, Judge.

Submitted October 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated criminal appeal, defendant appeals a judgment of conviction entered after a jury found him guilty of unauthorized use of a vehicle (UUV), ORS 164.135, and possession of a stolen vehicle (PSV), ORS 819.300.[1] In two assignments of error, defendant argues that the trial court erred in denying his motions for judgment of acquittal because the state presented insufficient evidence to prove that defendant did anything more than trespass in the stolen vehicle. We are not persuaded that the trial court erred in denying defendant's motions. Accordingly, we affirm.

On review of the denial of the motions, we view the facts in the light most favorable to the state and evaluate those facts to determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). A person commits the crime of UUV when the person "knowingly takes, operates, exercises control over or otherwise uses another's vehicle." ORS 164.135(1)(a)(A). A person commits the crime of PSV "if the person possesses any vehicle which the person knows or has reason to believe has been stolen." ORS 819.300(1).

Here, defendant argues that there was insufficient evidence to show that he did anything more than trespass in the stolen vehicle. In so arguing, defendant relies on *State v. Douthitt*, 33 Or App 333, 338, 576 P2d 1262 (1978), in which the defendant unlocked a parked car door through an open window and rifled through the glove box. We held that the defendant's actions relating to the vehicle did "not constitute a sufficient exercise of control over the vehicle such that [the] defendant has manifested an intent to affect the rightful possessor's relationship to the automobile, *i.e.*, there was no intention to use the vehicle." *Id.* Similarly, here,

---

[1] Defendant's two assignments of error relate to Counts 1 and 2 in Case No. 22CR50168. In the judgment, the trial court merged the verdicts into one conviction for UUV. If we were to reverse the judgment in that case, defendant argues that we should remand for resentencing in Case No. 22CR50811, in which defendant was also found guilty of UUV. However, defendant does not otherwise challenge the judgment in that case. Defendant also appeals the judgment in Case No. 22CR57889, in which he pleaded guilty to second-degree criminal mischief and giving false information to a police officer, but he does not challenge any aspect of that judgment.

defendant argues that there was insufficient evidence of his intention to interfere with the owner's possessory interest in the vehicle.

We are not persuaded. In the instant case, there was evidence from which the jury could reasonably infer that defendant possessed a stolen vehicle and exercised control over it. The state presented evidence that, in October 2022, someone broke into a wastewater treatment facility in Bandon, stole a truck's keys and took the truck. The jury watched surveillance footage showing someone wearing a reflective vest driving the truck out of the facility.

Two days later, at approximately 7:00 a.m., a resident of Coos Bay noticed the truck parked outside his home. It was parked on the wrong side of the road, and the person inside the truck was engaged in "suspicious activity." He was "[c]onstantly going from one seat to the other to the back seat." When the resident returned home from work, the truck and the "same individual" were still there. The resident called the police.

A police officer arrived at around 7:20 p.m., and defendant exited the truck from the driver's side. Based on his demeanor and movements, the officer believed that defendant was under the influence of methamphetamine. Defendant admitted that the truck was not his, and he said that he was the only person in the vehicle. The officer arrested defendant.

The officer found a dental "flosser" in defendant's pocket, and the officer observed a bag of flossers near the driver's seat of the truck. In the back seat, the officer could see a reflective vest similar to the one worn by the person who took the truck two days earlier. The officer took photos of items visible inside the truck, including drink containers, paper towels, used food containers, and a bar of deodorant. The officer did not observe the keys to the truck; however, the keys and the truck were subsequently returned to the wastewater facility.

Considering that evidence in the light most favorable to the state, the jury could have found that defendant was in possession of a truck that he knew or had reason to

know was stolen and that he had exercised control over it. The presence of the reflective vest linked defendant to the initial theft of the truck. The testimony of the person who observed defendant in the truck, as well as the dental flossers and the other items in the truck, indicated that defendant was staying in the truck, and that he had exercised control over it for a substantial amount of time. It was also reasonable for the jury to infer that the keys were recovered from inside the truck. Based on that evidence, a reasonable trier of fact could find defendant guilty of UUV and PSV.

Affirmed.