**FILED**
**JULY 11, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36652-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DARRELL PARNEL BERRIAN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Darrell Berrian appeals his sentence. He argues the trial court abused its discretion when, contrary to law, it applied a presumption that his sentence should run consecutive with another sentence. The State agrees. In a supplemental brief, he requests that we direct the trial court to waive his criminal filing fee and his deoxyribonucleic acid (DNA) collection fee. The State agrees again.

In a statement of additional grounds for review, Berrian challenges his offender score on two grounds. We reject both challenges.

We remand this matter for resentencing, direct the trial court to apply a presumption that Berrian's sentence should run concurrent to the other sentence, and direct the trial court to strike Berrian's criminal filing fee and DNA collection fee.

FACTS

Darrell Berrian committed attempted robbery in the first degree and unlawful possession of a firearm in the first degree on July 7, 2013. Two months later, on September 5, 2013, Berrian committed first degree assault, the crime in this appeal.

On February 14, 2014, Berrian was convicted and sentenced on the attempted robbery and firearm case. On September 12, 2014, Berrian was convicted and sentenced on this case.

In his first direct appeal of this case, this court ordered resentencing because a prior conviction from Georgia was erroneously counted as 1 point instead of ½ point. At resentencing on this case, the trial court ran Berrian's sentence consecutive with his sentence in the other case. In doing so, it stated:

> Okay. Mr. Berrian, I see no good reason to run your sentence concurrent with an entirely separate case. I'm not going to do that. *The presumption is that it's going to be consecutive, and that's what I'm going to do.*

Report of Proceedings (RP) at 11-12 (emphasis added).

Berrian timely appealed to this court.

ANALYSIS

NO PRESUMPTION FAVORING A CONSECUTIVE SENTENCE

Berrian argues the trial court abused its discretion by applying an incorrect legal presumption when it imposed a consecutive sentence. The State correctly concedes error.

A trial court's decision regarding concurrent or consecutive sentences is reviewed for an abuse of discretion. *In re Pers. Restraint of Delgado*, 149 Wn. App. 223, 239, 204 P.3d 936 (2009). A trial court abuses its discretion when it applies the incorrect legal standard. *State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

The correct legal standard is set forth at RCW 9.94A.589(3):

[W]henever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

"RCW 9.94A.589(3) 'applies when (1) a person who is not under sentence of a felony (2) commits a felony and (3) before sentencing (4) is sentenced for a different felony.'" *State v. Jones*, 137 Wn. App. 119, 124, 151 P.3d 1056 (2007) (internal quotation marks omitted) (quoting *State v. Shilling*, 77 Wn. App. 166, 175, 889 P.2d 948 (1995)). Under these circumstances, the sentences must run concurrent unless the judge orders otherwise. *State v. King*, 135 Wn. App. 662, 675, 145 P.3d 1224 (2006).

3

Here, the four conditions outlined in *Jones* were satisfied, so there was no presumption favoring a consecutive sentence. We conclude the trial court abused its discretion by applying an incorrect presumption.

CRIMINAL FILING FEE AND DNA COLLECTION FEE MUST BE STRUCK

Berrian is an indigent defendant, and the State acknowledges his DNA has been previously collected. Berrian contends that *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018) requires his criminal filing fee and DNA collection fee to be struck. The State concedes, and we grant Berrian's requests.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

SAG GROUND 1—OFFENDER SCORE

In his first direct appeal, we determined that Berrian's correct offender score rounded down to 4. In his second direct appeal, Berrian contends that his correct offender score should be rounded down to 3. We disagree.

We review a trial court's calculation of a defendant's offender score de novo. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187 (2014).

RCW 9.94A.525(9) provides:

> If the present conviction is for a serious violent offense, count three points for prior adult and juvenile convictions for crimes in this category, two points for each prior adult and juvenile violent conviction (not already counted), one point for each prior adult nonviolent felony conviction, and 1/2 point for each prior juvenile nonviolent felony conviction.

Assault in the first degree is a serious violent offense; thus, RCW 9.94A.525(9) applies. Former RCW 9.94A.030(45)(a)(v) (2012). Berrian's February 14, 2014 conviction for the crime of attempted robbery in the first degree counts as 2 points because it is a prior violent offense.[1] *See* RCW 9.94A.525(9); Clerk's Papers at 512.

Next, the prior sale of cocaine committed on May 18, 2010, scores 1 point as a nonviolent felony conviction.[2] Similarly, as a class B felony, unlawful possession of a firearm scores 1 point. RCW 9.41.040(1)(b).

Lastly, Berrian's juvenile conviction in Georgia for possession of a controlled substance on May 7, 1999, scores ½ point.

---

[1] "'Violent offense' means . . . [a]ny felony defined under any law as a class A felony or an attempt to commit a class A felony." Former RCW 9.94A.030(54)(a)(i). Robbery in the first degree is a class A felony. RCW 9A.56.200.

[2] "Nonviolent offense" means an offense that is not a violent offense. Former RCW 9.94A.030(33). Cocaine is a Schedule II drug, and manufacture, delivery, or possession with intent to deliver a Schedule II drug is a class B felony. RCW 69.50.206(4); RCW 69.50.401.

Berrian's total points equal 4½.  RCW 9.94A.525 dictates that the offender score is the sum of the total points rounded down to the nearest whole number.  Thus, Berrian's offender score is 4.  RCW 9.94A.525(9).  We conclude that Berrian's offender score was correctly calculated.

SAG GROUND 2—COMPARABILITY ANALYSIS

Berrian argues that the trial court erred by including his two Georgia convictions in his offender score without conducting a comparability analysis.  He claims that he did not affirmatively acknowledge that the foreign crimes were comparable to Washington State crimes.  This argument fails.

At the beginning of Berrian's resentencing hearing, the trial court asked the State if it agreed with the offender score calculation as set forth in Berrian's sentencing memorandum:

> [THE COURT:]  Let me ask first if the State is in agreement with the calculation of the offender score as put forth by [defense counsel] in the Sentencing Memorandum.
> [THE STATE]:  Yes, sir. . . .
> . . . .
> [DEFENSE COUNSEL]:  That's correct, Your Honor.

RP at 3-4.

In Berrian's sentencing memorandum, his counsel dedicated an entire section of the brief to comparability analysis. There, defense counsel set forth that the juvenile conviction only scored ½ point. Because no other offenses scored ½ point, the offense would be eliminated by RCW 9.94A.525's requirement to round down. Thus, no comparability analysis was conducted on the juvenile possession of controlled substance charge.

Next, defense counsel addressed the second Georgia conviction and set forth the Georgia controlled substance statute—GA. CODE ANN. § 16-13-30(b):

> Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance.

He then set forth RCW 69.50.401(1):

> Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Defense counsel correctly concluded that the Georgia statute was not broader than the Washington statute and acknowledged that the Georgia crime was legally comparable to a Washington crime. We conclude the trial court did not err when it agreed that the Georgia crime was comparable to a Washington crime.

No. 36652-9-III
*State v. Berrian*

Remanded for resentencing and striking two court costs.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.                    Fearing, J.

8